**STATE ex rel. Arthur LEBEAU, Plaintiff-Appellant,**

**v.**

**The Honorable Judge Kevin KELLY, Defendant-Respondent.**

No. 48672.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 3, 1985.

Stephen Robert Striebel, St. Louis, for plaintiff-appellant.

W. Scott Pollard, Florissant, for defendant-respondent.

KAROHL, Judge.

Relator appeals an order of the circuit court quashing a preliminary order in prohibition and dismissal of his petition.

Relator's application for the writ alleges respondent, a municipal circuit judge, was without jurisdiction to serve as such judge for the City of Cool Valley because the city failed to legally constitute its municipal court within the time authorized by Article V, § 27 of the Missouri Constitution and § 476.016.5.[1] Alternatively, relator alleges technical defects in the enactment of the city's ordinance. Evidence indicates that the ordinance was duly enacted by the city on January 9, 1979. The alternative attack has not been preserved on appeal.

Prohibition is the proper remedy to challenge the jurisdiction of a court. *State Ex Rel. McCarter v. Craig*, 328 S.W.2d 589 (Mo. banc 1959). Relator seeks prohibition to prevent respondent from enforcing a judgment of conviction resulting in a fine for violation of an ordinance of the city and from hearing additional charges of ordinance violations. Relator contends the trial court erred as a matter of law in failing to find that the city failed to constitute its

---

1. All statute references are cited to RSMo 1978; all constitutional references are cited to Mo. Const. Art. V, § 27.

municipal court within the time allotted by the legislature under § 476.016.5; between August 15, 1978 and January 2, 1979. Relator asserts the city's failure to enact an ordinance providing for a municipal circuit judge within that period, forecloses the city from having a municipal court. We find relator's assertion unsupported by Article V of the Missouri Constitution and Chapters 476 and 479. We affirm.

Under Article V of the Missouri Constitution [the Judicial Article], adopted by the people on August 3, 1976, and made effective January 2, 1979, several courts created and operated by municipalities ceased to exist. Mo. Const. Art. V, § 27(2)(d) transferred jurisdiction of the municipal courts to the circuit court and made them divisions of the circuit court. When the former municipal courts "cease to exist, all records, papers and files shall be transferred to the circuit court."

In order to implement Article V, as amended, the 79th General Assembly enacted the Court Reform and Revision Act, Chapter 476, effective January 2, 1979. § 476.016.1. Municipalities were granted the option to make provisions for and select their own judges. They were authorized to exercise the option between the period of ninety days after adjournment [August 15, 1978] and January 2, 1979. The relevant section is 476.016.5:

> 5. Between the period of ninety days after adjournment of the second regular session of the 79th general assembly and January 2, 1979:
>
> (1) Municipalities *may* adopt ordinances and take other actions that may be needed so that the provisions for municipal judges contained in chapter 479, RSMo, may become operational on January 2, 1979, should a municipality determine to make provision for a municipal judge or judges.
>
> (2) Municipalities *may* make provision for and select municipal judges who shall take office on or after January 2, 1979.
>
> (3) Courts *may* adopt rules which shall become effective on or after January 2, 1979. (emphasis ours)

Chapter 479, *Municipal Courts,* was also enacted by the 79th General Assembly effective January 2, 1979. Section 479.020 authorizes ordinances to regulate the selection, tenure and qualification of "municipal judges of the circuit court." No such judge could hear or determine any case after March 1, 1979, until the municipality which elected to adopt the ordinance notified the circuit clerk of its election to authorize and qualify such judge. Significantly, no "schedule" or set time limits, which are set forth in Article V, § 27 and § 476.016, appear in Chapter 479. Under Chapter 479, a municipality could by ordinance create a municipal circuit judge and notify the appropriate circuit clerk of its existence any time after January 2, 1979.

For purposes of clarification it should be noted that Article V and Chapters 476 and 479 do not directly authorize a municipality to constitute a court. Accordingly, relator's point on appeal is not literally accurate. The provisions of Article V constitute the court. All that remained for the city was to choose a judge under its own ordinances to officiate at the court. In order to qualify a judge, it was the function of the city to enact an appropriate ordinance and notify the circuit clerk of its election. §§ 476.016.5(1), (2), (3) and 479.030.1. The city also has the option of electing to permit an associate circuit judge to preside over its municipal court beginning January 2, 1979. § 479.040. Such election was not irrevocable and the city, "may thereafter elect to provide for a municipal judge...." § 479.040(1).

■ Accepted rules of statutory construction relevant to the issues are well established in Missouri. Primarily we seek to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words in their plain and ordinary meaning. *State v. Kraus,* 530 S.W.2d 684, 685 (Mo. banc 1975). To ascertain legislative intent a court should trace historical development of the legislation, considering all changes and modifications of legislative policy from time to time and related statutes. *State v.*

*Chadeayne,* 313 S.W.2d 757, 759 (Mo.App. 1958). The purpose and object of the statute must always be considered. *Edwards v. St. Louis County,* 429 S.W.2d 718, 722 (Mo. banc 1968). Courts must give effect to statutes as they are written, and presume that the legislature intended a logical result, not an absurd or unreasonable result. *Breeze v. Goldberg,* 595 S.W.2d 381, 382 (Mo.App.1980). Statutes relating to the same subject are to be considered together and harmonized if possible so as to give meaning to all provisions of each. *Southwestern Bell Tel. Co. v. Newingham,* 386 S.W.2d 663, 668 (Mo.App.1965). Statutes ought to be construed in context particularly where they were passed simultaneously by the legislature. *Cascio v. Beam,* 594 S.W.2d 942, 946 (Mo. banc 1980).

We find the relator misreads § 476.016.5, to permit a city to elect its own municipal circuit judge only if the enabling ordinance is passed before January 2, 1979. Under Article V and § 476.016.5, a city may elect, and enact the ordinance establishing its own judge to serve the new court before the previous court ceased to exist. Nothing in Chapter 476 prohibits the city from making the election after January 2, 1979. Section 479.040 expressly authorizes the subsequent election at *any time* after an associate circuit judge has served the city's new court.

Article V and Chapters 476 and 479 indicate the intent by the people and the legislature: (1) to terminate the individual municipal court and replace it with a municipal circuit court; (2) to authorize the city to elect and empower its own municipal circuit judge before or after January 2, 1979; and (3) the city had the option to comply with the statute before or after the old court ceased to exist. The provisions of § 479.040 which permit an election after January 2, 1979, would be rendered ineffective and meaningless had the legislative intent been otherwise. The time frame set forth in § 476.016 established continuity by recognizing and according efficacy to ordinances and notices of ordinances given to the circuit clerk which were enacted or made before the effective date of the statutes. Municipalities were thereby granted the authority of enacting ordinances to become effective January 2, 1979, or thereafter, while continuing to operate their own municipal courts. The established time limit served that single purpose. The time frame was not intended to limit the authority granted in § 479.040 nor does it limit the authority in the instant case.

Accordingly, the city's ordinance of January 9, 1979, and prior notice to the circuit clerk, qualified the City of Cool Valley to have its own municipal circuit judge for the municipal circuit court of Cool Valley established by Article V. Respondent became the judge and at all times material, acted with jurisdiction in the sense of judicial authority.

We find no error of law in the finding and order of the trial court.

We affirm.

PUDLOWSKI, P.J., and CARL R. GAERTNER, J., concur.