**William REDPATH, Appellant,**

v.

**MISSOURI HIGHWAY AND TRANS-PORTATION COMMISSION, Respondent.**

**No. WD 41860.**

Missouri Court of Appeals, Western District.

Dec. 19, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 30, 1990.

George Alex Bartlett, Jefferson City, John C. Craft, Kansas City, for appellant.

Dennis J. Redel, Kim Renee Reid, Government Counsels, Jefferson City, for respondent.

Before NUGENT, C.J., and FENNER, J., and WASSERSTROM, Senior Judge.

FENNER, Judge.

Appellant, William Redpath, appeals from the judgment of the Circuit Court affirming an Order of the Missouri Highway and Transportation Commission (Commission). The Commission's Order directed that an outdoor advertising sign owned by and located on property owned by appellant be removed without compensation.

The sign in question is a billboard advertising a radio station, KFKF (KFKF sign). The KFKF sign is located off I–35 in Kansas City, Jackson County, Missouri, and is denominated by the Commission as No. R–I–35–048–105–NB–13.

On August 6, 1979, the Commission issued a Notice to Remove Outdoor Advertising directed to appellant. The Notice alleged that the KFKF sign was unlawful in that it was erected after January 1, 1968, but before March 30, 1972, contrary to the spacing provisions of § 226.540(3), RSMo 1969.

Appellant presents two arguments on appeal but his argument that there was not competent and substantial evidence which established that the KFKF sign was in violation of the spacing provision of § 226.540(3), RSMo 1969, is dispositive herein.

Section 226.540(3)(b), RSMo 1969, provides that "[n]o two sign structures facing in the same direction ... shall be spaced less than one hundred fifty feet apart unless separated by a building, structure or roadway." There is no dispute that the

KFKF sign was less than one hundred fifty feet from, and facing the same direction as, a sign referenced in the record as the Gannett sign. Appellant does not argue that there was a building, structure or roadway separating the signs.

Appellant argues that to show his sign, the KFKF sign, in violation of § 226.540(3), RSMo 1969, the Commission was required to show that the KFKF sign was erected after the Gannett sign. The Commission argues that the statute does not require proof of which sign was first erected. The Commission's position on appeal is that the mere fact that they showed the KFKF sign to be within one hundred fifty feet of another sign entitles them to order the KFKF sign removed without compensation.

 When there is ambiguity in the language of a statute, the court seeks to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words in their plain and ordinary meaning. *State ex rel. Lebeau v. Kelly*, 697 S.W.2d 312, 314 (Mo.App.1985). The purpose and object of the statute must always be considered and the court must presume that the legislature intended a logical result. *Id.* at 315.

 It is clear that the purpose of § 226.540(3), RSMo 1969, is to prohibit the construction of outdoor advertising signs, in the areas specified, within one hundred fifty feet of an already existing sign unless the signs are separated by a building, structure or roadway. Not only is this the logical interpretation of § 226.540(3), RSMo 1969, but it is also the interpretation accepted by the Commission pursuant to its Notice to Remove Outdoor Advertising herein. The Notice declares the KFKF sign to be unlawful for having been *erected* contrary to the spacing provisions of § 226.540(3), RSMo 1969. Therefore, the Notice itself, in effect, alleges that the KFKF sign was erected within one hundred fifty feet of an existing sign, otherwise there would not have been a spacing violation created by the erection of the KFKF sign.[1] Appellant correctly argues

that the Commission was required, but failed to prove, that the KFKF sign was erected contrary to the spacing provisions of § 226.540(3), RSMo 1969.

The Commission argues further that even if they were required to prove when the signs were erected, in respect to each other, there was substantial and competent evidence that the KFKF sign was erected after the Gannett sign.

 On appeal of an agency decision in a contested case both the circuit court and the court of appeals review the agency decision. *Watkins v. State Board of Registration For the Healing Arts*, 651 S.W.2d 582, 585 (Mo.App.1983). It is a proper function of judicial review of administrative decisions to determine if the decisions are supported by competent and substantial evidence on the whole record. *Missouri Church of Scientology v. State Tax Commission*, 560 S.W.2d 837, 838 (Mo. banc 1978); § 536.140.2(3), RSMo 1986.

The only evidence on the issue of when the respective signs were erected came from the testimony of Ron Berschneider, a permit inspector for the Commission. Berschneider testified as to the contents of records of the City of Kansas City Building and Code Inspections in regard to when permits for the signs were issued and when final inspection of the signs were made according to the records. Counsel for appellant objected to this evidence as being hearsay and in violation of the best evidence rule. The objection was overruled and Berschneider was allowed to testify to his memory of the contents of the records of the City of Kansas City Building and Code Inspections.

 The "best evidence" rule is that generally the terms of a document must be proved by production of the original document. *Yeager v. Wittels*, 517 S.W.2d 457, 466 (Mo.App.1974). Berschneider's testimony as to the contents of the records of the City of Kansas City Building and Code Inspections was in violation of the best

---

1. The statute currently in effect is clear by its express language that no sign will be erected within a given distance from an "existing sign." § 226.540(3) RSMo 1986.

evidence rule and as such was not competent evidence.

Since this testimony was the only evidence to establish when the KFKF sign and the Gannett sign were erected, there was not competent and substantial evidence in the record to establish that the Gannett sign was already in existence when the KFKF sign was erected.

The judgment herein is reversed.

All concur.