Douglas Abele Cooper County Prosecuting Attorney 422 E. Spring Street Boonville, Missouri 65233
Dear Mr. Abele:
This opinion is in response to your question asking:
 Can the Cooper County Fire Protection District properly engage in a cooperative agreement with the Prairie Home Volunteer Fire Department by which said Fire Protection District would serve areas outside of their specified district in consideration of Prairie Home's assistance within the boundaries of said Fire Protection District?
You have indicated that the Prairie Home Rural Fire Association, which we presume is the volunteer fire department referred to in your question, is a not-for-profit corporation.
Section 70.220, RSMo 1986, authorizes cooperative agreements between political subdivisions and private entities. Such section provides:
 70.220. Political subdivisions may cooperate with each other, with other states, the United States or private persons. — Any municipality or political subdivision of this state, as herein defined, may contract and cooperate with any other municipality or political subdivision, or with an elective or appointive official thereof, or with a duly authorized agency of the United States, or of this state, or with other states or their municipalities or political subdivisions, or with any private person, firm, association or corporation, for the planning, development, construction, acquisition or operation of any public improvement of facility, or for a common service; provided, that the subject and purposes of any such contract or cooperative action made and entered into by such municipality or political subdivision shall be within the scope of the powers of such municipality or political subdivision. If such contract or cooperative action shall be entered into between a municipality or political subdivision and an elective or appointive official of another municipality or political subdivision, said contract or cooperative action must be approved by the governing body of the unit of government in which such elective or appointive official resides.
Section 70.210(3), RSMo Supp. 1989, defines "political subdivision" for purposes of Section 70.220 to include fire protection districts. Under Section 70.220, the fire protection district is authorized to enter into a cooperative agreement with a private association or corporation for a common service. In reliance on this section, this office in Missouri Attorney General Opinion Letter No. 78, McCubbin, 1978, a copy of which is enclosed, concluded that a cooperative agreement can be entered into between a fire protection district and a city or between a city and a not-for-profit fire protection association or by a city, a fire protection district and a not-for-profit association.
In 1982, the Missouri General Assembly amended Section321.220, RSMo, relating to the powers of fire protection districts by adding a new subsection 16 and enacted Section321.221. See Laws of Missouri, 1982, page 527. Section321.220(16), RSMo Supp. 1989, provides:
 321.220. Powers of board. — For the purpose of providing fire protection to the property within the district, the district and, on its behalf, the board shall have the following powers, authority and privileges:
* * *
 (16) To contract with any municipality that is contiguous to a fire protection district for the fire protection district to provide fire protection to the municipality for a fee as hereinafter provided.
Section 321.221, RSMo 1986, sets forth a comprehensive scheme for computing the fee referred to in Section 321.220(16). Section 321.221 provides:
 321.221. Municipality purchasing fire protection, annual payments, how computed. — The amount to be paid annually by the municipality to the fire district pursuant to subdivision (16) of section 321.220 shall be the annual assessed value of all property subject to tax in the municipality determined from the tax assessment ledgers, and including public utilities and intangible property within such area, multiplied by the annual tax rate as certified by the fire protection district to the municipality (but not including any portion of the tax rate for ambulance service provided by the district) per one hundred dollars of assessed value in such area. The tax rate so computed shall include any tax on bonded indebtedness incurred by the district prior to entering into such contract, but shall not include any of the tax rate for bonded indebtedness incurred during the term that the contract is in force.
There is apparently concern that the enactment of Section321.220(16) and Section 321.221 in 1982 limits the ability of a fire protection district to contract with a private association or corporation. One rule of statutory construction is that the express mention of one thing implies the exclusion of another, so that where special powers are expressly conferred or special methods are expressly prescribed for the exercise of the power, other powers and procedures are excluded. Brown v. Morris,290 S.W.2d 160, 166 (Mo. banc 1956). However, this is an auxiliary rule of statutory construction, application of which is dependent on the facts; the purpose of the rule is to ascertain legislative intent and the rule must be applied with caution. Reorganized School Dist. No. R-8 of Lafayette Countyv. Robertson, 262 S.W.2d 847, 850 (Mo. 1953). We do not consider the enactment of Section 321.220(16) and Section321.221 in 1982 as precluding the fire protection district from entering into a cooperative agreement with a private association or corporation such as you describe in your question. Statutes relating to the same subject are to be considered together and harmonized if possible so as to give meaning to all provisions of each. State ex rel. Lebeau v. Kelly, 697 S.W.2d 312, 315
(Mo.App. 1985). We conclude that the enactment in 1982 of Section 321.220(16) and Section 321.221 does not limit the ability of a fire protection district to enter into a cooperative agreement with a volunteer fire association incorporated as a not-for-profit corporation. Section 70.220
specifically authorizes cooperative agreements between fire protection districts and private associations or corporations.
CONCLUSION
It is the opinion of this office that a fire protection district is authorized to enter into a cooperative agreement with a volunteer fire association incorporated as a not-for-profit corporation.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion Letter No. 78, McCubbin, 1978