The Honorable Henry A. Panethiere Senator, District 11 State Capitol Building, Room 221 Jefferson City, Missouri 65101
Dear Senator Panethiere:
This opinion is in response to your question asking:
 Under § 351.405 of The General and Business Corporation Law of Missouri, a shareholder of a Missouri corporation who dissents to the sale by the corporation of substantially all of its assets has the right to have his shares of stock purchased by the corporation at their "fair value." The "fair value" of the shares is determined as of the day before the day the shareholder vote that authorizes the sale is taken.
 R.S.Mo. §§ 351.405.2 and 351.405.3 provide that a dissenting shareholder ceases to have any interest in his shares or in the corporation on the day he receives payment for the shares (which may be several weeks or months after the sale of the assets has occurred). The shareholder is also, under R.S.Mo. § 351.405.3, entitled to interest on the amount of such fair value from the day before the day the shareholder vote was taken.
 If the corporation declares a dividend and the dividend is payable to shareholders of record as of the day after the date of the [shareholder vote authorizing the] sale, is a dissenting shareholder entitled, under Missouri law, to receive the dividend? In other words, does Section 351.405 mean that a dissenting shareholder has all rights of a shareholder until he is paid in full, including the right to receive dividends, or does it mean that all his rights as a shareholder, except the right to receive the fair value of his shares and interest thereon, cease upon the date the shareholder vote is taken?
 Also, does it make a difference whether the dividend is a regularly scheduled dividend or a extraordinary dividend that is payable out of the proceeds of the sale of the assets?
Section 351.405, RSMo 1986, to which you refer in your question, provides in part:
 351.405. Rights of dissenting shareholder — sale or exchange of assets. — 1. In the event that a sale or exchange of all or substantially all of the property and assets of a corporation, otherwise than in the usual and regular course of its business, is authorized by a vote of the shareholders of the corporation, except as provided in subsection 6 of this section, any shareholder who shall not have voted in favor thereof and who at or prior to the meeting at which said sale or exchange is submitted to a vote shall file with the corporation written objection thereto may, within twenty days after the vote was taken make written demand on the corporation for the payment to him of the fair value of his shares as of the day prior to the date on which the vote was taken authorizing the sale or exchange. Such demand shall state the number and class of the shares owned by such dissenting shareholder. Any shareholder failing to make demand within the twenty-day period shall be conclusively presumed to have consented to the sale or exchange and shall be bound by the terms thereof.
 2. If, within thirty days after the date on which such vote was taken, the value of such shares is agreed upon between the dissenting shareholder and the corporation, the corporation shall make payment of the agreed value within ninety days after the date on which the vote was taken authorizing the sale or exchange, upon the surrender of his certificate or certificates representing said shares. Upon payment of the agreed value, the dissenting shareholder shall cease to have any interest in such shares or in the corporation.
 3. If within such period of thirty days the shareholder and the corporation do not so agree, then the dissenting shareholder may, within sixty days after the expiration of the thirty-day period, file a petition in any court of competent jurisdiction within the county in which the registered office of the corporation is situated asking for a finding and determination of the fair value of such shares, and shall be entitled to judgment against the corporation for the amount of such fair value as of the day prior to the date on which such vote was taken together with interest thereon to the date of such judgment. The judgment shall be payable only upon and simultaneously with the surrender to the corporation of the certificate or certificates representing said shares. Upon the payment of the judgment, the dissenting shareholder shall cease to have any interest in such shares or in the corporation. Unless the dissenting shareholder shall file such petition within the time herein limited, such shareholder and all persons claiming under him shall be conclusively presumed to have approved and ratified the sale or exchange and shall be bound by the terms thereof. [Emphasis added.]
* * *
The issue posed by your question concerns a dividend, whether it be a regularly scheduled dividend or an extraordinary dividend, declared after the date on which the vote was taken authorizing the sale or exchange. Under subsection 1 of Section351.405, the dissenting shareholder is to receive "the fair value of his shares as of the day prior to the date on which the vote was taken authorizing the sale or exchange." However, under subsections 2 and 3 of Section 351.405, it is not until payment to the dissenting shareholder that "the dissenting shareholder shall cease to have any interest in such shares or in the corporation." The issue is whether the dissenting shareholder is entitled to such a dividend.
The first rule of statutory construction is to give effect to the intent of the legislature. State ex rel. Missouri StateBoard of Registration for Healing Arts. v. Southworth,704 S.W.2d 219, 224 (Mo. banc 1986). In discussing the legislative intent underlying Section 351.405, the Missouri Court of Appeals stated: "Rather, the underlying purpose is to assure such dissenting minority shareholders an equitable, just and `fair value' for their stock in the event of a sale of the corporate assets." Dreiseszun v. FLM Industries, Inc., 577 S.W.2d 902,907 (Mo.App. 1979). Under the statute, the fair value of the shares is determined as of the day prior to the date on which the vote was taken authorizing the sale or exchange. Under subsection 3 of Section 351.405, the dissenting shareholder is entitled to interest on the fair value to the date of the judgment referred to in that section. To interpret the statute to allow a dissenting shareholder to receive a dividend, whether it be a regularly scheduled dividend or an extraordinary dividend, in addition to the "fair value" of his shares would be inconsistent with the dissenting shareholder receiving the "fair value" of his shares. The dissenting shareholder would receive in excess of the "fair value" of his shares. In construing statutes, the courts presume that the legislature intends a logical result, not an absurd or unreasonable result. State exrel. Lebeau v. Kelly, 697 S.W.2d 312, 315 (Mo.App. 1985). Furthermore, in discussing Section 351.405, the Missouri Supreme Court stated: "The clear intention of § 351.405 is to change the status of a dissenting shareholder to that of a creditor at least superior to the distributive rights of the remaining shareholders." Flarsheim v. Twenty Five Thirty Two BroadwayCorporation, 432 S.W.2d 245, 253 (Mo. 1968). Therefore, we conclude that a dissenting shareholder is not entitled to receive dividends, whether the dividends are regularly scheduled or extraordinary, that are declared after the date on which the vote was taken authorizing the sale or exchange.
CONCLUSION
It is the opinion of this office that under Section351.405, RSMo 1986, a dissenting shareholder is not entitled to receive dividends, whether the dividends are regularly scheduled or extraordinary, that are declared after the date on which the vote was taken authorizing the sale or exchange.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General