The Honorable James M. Talent Representative, District 92 State Capitol Building, Room 204 Jefferson City, Missouri 65101
Dear Representative Talent:
This opinion is in response to your questions asking:
 1. Does Section 311.332(2), or any other statute, prohibit a wholesaler of intoxicating liquor or wine containing alcohol in excess of five percent from meeting lower competing prices and discounts for liquor or wine of the same brand and trade name and of like age and quality as provided in Section 311.336, RSMo?
 2. Do the lower competing prices as provided in Section 311.336, RSMo 1986, mean the lowest base price less the Section 311.332.2, RSMo Supp. 1989, temporary four percent price reductions?
 3. Are the amendments provided in Section 311.336, RSMo 1986, temporary or permanent price decreases?
 4. How will Section 311.332.3, RSMo Supp. 1989, "close out merchandise" affect Section 311.336, RSMo 1986, lower competing prices? (See Attorney General Opinion Letter No. 93-88.)
You state the following facts as being relevant to your first question:
 "Wholesaler A" posts the price of Brand "X" at $10.00 per liter pursuant to Section 311.334. "Wholesaler B" posts the price of Brand "X" at $9.00 per liter. "Wholesaler A" amends the posted $10.00 price to $9.00 as provided in Section 311.336. The Supervisor of Liquor Control notifies "Wholesaler A" that the amended posting is rejected as being in violation of subsection (2) of Section 311.332.
 "Wholesaler A" is not initiating the price reduction as contemplated in Section 311.332 but rather using the mechanism of Section 311.336 to meet competing prices and discounts.
Section 311.334, RSMo 1986, prohibits the sale of intoxicating liquor and wine unless the wholesaler has filed with the Supervisor of Liquor Control a schedule of prices. Such section provides:
 311.334. Wholesaler to file schedule of prices, contents. — No intoxicating liquor and wine of any kind shall be sold by a wholesaler to a retailer duly licensed to sell intoxicating liquor and wine at retail, or purchased by a wholesaler for a retailer or by a retailer through a wholesaler, unless a schedule as provided by this section shall be filed by the wholesaler with the supervisor of liquor control and is then in effect. The schedule shall be in writing, duly verified and filed in the number of copies and in such form as required by the supervisor, and shall contain with respect to each item thereon the exact brand or trade name, capacity of package, nature of contents, age and proof, the per bottle and per case price to retailers, the number of bottles contained in each case, and the size thereof, which prices shall be individual for each item, and not in "combination" with any other item or items, the discounts for quantity, if any, and the discounts for time of payment, if any.
Section 311.336, RSMo 1986, provides:
 311.336. Schedules, filed when — other wholesalers may meet prices, how — sales at prices in schedule required — public inspection. — Each such schedule shall be filed on or before the tenth day of each month, and the prices and discounts therein set forth shall become effective on the first day of the calendar month following the filing thereof, and shall be in effect for and during such calendar month. Within ten days after the filing of such schedule the supervisor shall make all of such schedules or a composite thereof available for inspection by all wholesale licensees. Within three days, excluding Sundays, after such inspection is provided for, a wholesaler may amend his filed schedule for sales to a retailer, or purchase for a retailer or by a retailer through a wholesaler in order to meet lower competing prices and discounts for liquor or wine of the same brand and trade name and of like age and quality, filed pursuant to this section or section 311.334 by any licensee selling such brand; provided, however, such amended prices may not be lower and discounts not greater than those to be met. Any amended schedule so filed shall become effective on the first day of the calendar month following the filing thereof, and shall be in effect for and during such calendar month. No brand of liquor or wine shall be sold or purchased for a retailer by a wholesaler or by a retailer through a wholesaler except at the price or prices then in effect according to the wholesaler's filed schedule, and no discount shall be granted except as set forth in the schedule then in effect. All schedules filed shall be subject to public inspection from the time that they are required to be made available for inspection by licensees and shall not be in any manner considered confidential. Each wholesaler shall retain in his licensed premises for inspection by licensees a copy of his filed schedules then in effect. The supervisor of liquor control may make such rules and regulations as shall be appropriate to carry out the purpose of this section and sections 311.332 and 311.334. [Emphasis added.]
Both Section 311.334, RSMo 1986, and Section 311.336, RSMo 1986, were enacted in 1955 and have remained unchanged.
Section 311.332, RSMo Supp. 1989, provides:
 311.332. Wholesale price regulation, discrimination prohibited — discounts authorized, when — rebate coupons allowed — delivery to certain organizations for nonresale purposes, allowed when. — 1. Except as provided in subsections 2 and 3 of this section, it shall be unlawful for any wholesaler licensed to sell intoxicating liquor and wine containing alcohol in excess of five percent by weight to persons duly licensed to sell such intoxicating liquor and wine at retail, to discriminate between retailers or in favor of or against any retailer or group of retailers, directly or indirectly, in price, in discounts for time of payment, or in discounts on quantity of merchandise sold, or to grant directly or indirectly, any discount, rebate, free goods, allowance or other inducement, excepting a discount not in excess of one percent for quantity of liquor and wine, and a discount not in excess of one percent for payment on or before a certain date. The delivery of manufacturer rebate coupons by wholesalers to retailers shall not be a violation of this subsection.
 2. Except as provided in subsection 3 of this section, any wholesaler licensed to sell intoxicating liquor and wine containing alcohol in excess of five percent by weight to persons duly licensed to sell such intoxicating liquor and wine at retail may offer a price reduction of not more than four percent of his price schedule for any brand, age, proof, and size bottle or package. Such price reduction shall apply for a thirty-day period, shall not be offered by any wholesaler more than three times in any calendar year, and shall not be offered during successive months.
 3. Any wholesaler licensed to sell intoxicating liquor and wine containing alcohol in excess of five percent by weight to persons duly licensed to sell such intoxicating liquor and wine at retail may offer a price reduction of more than four percent of the scheduled price on close out merchandise. "Close out merchandise" is any item which has been in the wholesaler's inventory for more than six months. The price of close out merchandise may be decreased, but shall not be increased, monthly for up to and including six consecutive months. A wholesaler shall not purchase any item of intoxicating liquor or wine of the same year and vintage he has classified as close out merchandise during the period of such classification. A wholesaler shall not purchase, sell, or offer to sell any item of intoxicating liquor or wine of the same year and vintage he has classified as close out merchandise until eighteen months have elapsed since the wholesaler's last offer to sell the item as close out merchandise. This subsection shall become effective January 1, 1988.
 4. Manufacturers or wholesalers shall be permitted to deliver or cause to be delivered beer, wine or nonintoxicating beer for nonresale purposes to any unlicensed person or any licensed retail dealer who is a charitable or religious organization as defined in section 313.005, RSMo, or educational institution, at any location or licensed premises, provided, such beer, wine or nonintoxicating beer is unrelated to the organization's or institution's licensed retail operation. Any manufacturer or wholesaler providing nonresale items shall keep a record of any deliveries made pursuant to this subsection. [Emphasis added.]
Subsection 2 was added to Section 311.332 in 1985 (Laws ofMissouri, 1985, page 750) and subsections 3 and 4 were added in 1987 (Laws of Missouri, 1987, page 736).
Legislative intent should be ascertained from the language used, considering words in their plain and ordinary meaning.Metro Auto Auction v. Director of Revenue, 707 S.W.2d 397, 401
(Mo. banc 1986). Webster's New International Dictionary, Second Edition, defines "meet" as "to come up to; to conform to; to be even with; to equal; match . . ." It is apparent from the language of Section 311.336, RSMo 1986, that the legislature intended to allow wholesalers an opportunity to match lower competing prices and discounts.
Subsection 2 of Section 311.332 provides wholesalers an opportunity to offer a price reduction three times a year. To conclude that the language concerning a four percent price reduction in subsection 2 of Section 311.332 as enacted in 1985, prohibits a wholesaler from meeting a lower competing price as authorized by Section 311.336 would render Section 311.336
devoid of meaning. All statutes applicable to the same subject should be harmonized to preserve the integrity of both. Conradv. Bowers, 533 S.W.2d 614, 622 (Mo.App. 1975); State ex rel.Lebeau v. Kelly, 697 S.W.2d 312, 315 (Mo.App. 1985). Therefore, we conclude that subsection 2 of Section 311.332 does not prohibit a wholesaler from meeting lower competing prices and discounts as authorized by Section 311.336.
In response to your third question concerning the duration of amendments provided in Section 311.336, the amendments to a wholesaler's price schedule made pursuant to Section 311.336, RSMo 1986, "become effective on the first day of the calendar month following the filing thereof, and shall be in effect for and during such calendar month," as provided in that section.
In answer to your second question, the opportunity provided in Section 311.336 to meet lower competing prices does not mean the lower competing price less the temporary four percent price reduction authorized by subsection 2 of Section 311.332. Subsection 2 of Section 311.332 allows a wholesaler to "offer a price reduction of not more than four percent of his price schedule" up to three times in a calendar year. Section 311.336
refers to meeting the lower competing price and discounts in the filed schedule of prices and does not refer to matching a special temporary reduction. While Section 311.336 refers to lower competing price and "discounts," this means the discounts discussed in Section 311.334 for quantity and time of payment. Subsection 2 of Section 311.332 refers to a "price reduction" from the filed schedule, but not to a "discount."
Similarly, in answer to your fourth question, subsection 3 of Section 311.332 does not affect Section 311.336 lower competing prices. Subsection 3 of Section 311.332 defines "close out merchandise" as "any item which has been in the wholesaler's inventory for more than six months." That definition is more fully discussed in Opinion Letter No. 93-88, a copy of which is attached. Subsection 3 of Section 311.332
allows a wholesaler to offer a price reduction of more than four percent of the scheduled price on close out merchandise. Section 311.336 allows amendments to a price schedule to meet the lower competing prices of a filed schedule of prices and does not refer to price reductions for close-out merchandise.
CONCLUSION
It is the opinion of this office that (1) subsection 2 of Section 311.332, RSMo Supp. 1989, does not prohibit a wholesaler of intoxicating liquor or wine containing alcohol in excess of five percent by weight from meeting lower competing prices and discounts for liquor or wine of the same brand and trade name and of like age and quality as provided in Section 311.336, RSMo 1986, (2) the amended price schedule allowed in Section 311.336
shall be in effect for the calendar month following the amendment as provided in that section, and (3) the lower competing price referred to in Section 311.336 is based on the filed schedule of prices and not temporary price reductions authorized by subsections 2 and 3 of Section 311.332.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion Letter No. 93-88