The Honorable John Kauffman Representative, District 12 State Capitol Building, Room 116-4 Jefferson City, Missouri 65101
Dear Representative Kauffman:
This opinion letter is in response to your question relating to the salary for the deputy of the Linn County treasurer ex officio collector for 1988 and 1989. You specifically inquire if the county commission is required to pay the deputy treasurer ex officio collector ninety percent of the salary of the treasurer ex officio collector.
You have informed us that Linn County is a third class county adopting a township organization with a population of 15,495 and a current assessed valuation of $68,269,752. The information accompanying your opinion request states that the Linn County treasurer ex officio collector requested ninety percent of his salary in his 1988 budget for the salary of the deputy.
Section 54.320.1, RSMo Supp. 1987, effective January 1, 1988, provided in pertinent part:
 54.320. Treasurer, ex officio collector, compensation — commissions — deputies and assistants, compensation — fees (township counties). — 1. The county treasurer ex officio collector in counties of the third and fourth classes adopting township organizations shall receive an annual salary computed on an assessed valuation basis as set forth in the following schedule. Except as provided in section 50.333, RSMo, the amount provided by this section shall be the total compensation for all services performed by such treasurer ex officio collector. The assessed valuation factor shall be the amount thereof as shown for the year next preceding the computation. The provisions of this section shall not permit or require a reduction in the amount of compensation received by any person holding the office of treasurer ex officio collector on January 1, 1988.
Population Salary
* * *
15,001 to 17,500 $ 8,750
* * *
Assessed Valuation Salary
* * *
60,000,001 to 70,000,000 $17,000
* * *
 . . . The treasurer and ex officio collector in each of the third and fourth class counties which have adopted the township form of county government is entitled to employ deputies and assistants and for the deputies and assistants, is allowed not less than the following sums to be paid out of the county treasury in equal monthly installments:
* * *
 (5) In counties having a population of fifteen thousand but less than eighteen thousand, the sum of ninety percent of the salary of the treasurer and ex officio collector; [Emphasis added.]
* * *
Section 50.333.9, RSMo Supp. 1987, provided in pertinent part:
 50.333. Salary commission, duties of clerk, notice of meetings, members, duties, meetings, report (noncharter counties). —
* * *
 9. The provisions of this section shall not require or permit a reduction in the amount of compensation received by any person holding office as of September 28, 1987.
The information accompanying your opinion request indicates that the proper salary of the treasurer ex officio collector in 1988 was higher than provided in the statutory chart because of the proviso that a person holding office as of September 28, 1987 shall not be required or permitted a reduction in compensation.
The above statutory provisions were amended in 1988. See
Conference Committee Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 431, 84th General Assembly, Second Regular Session (1988), effective May 13, 1988. Section 54.320.1, RSMo Supp. 1989, provides in pertinent part:
 54.320. Treasurer, ex officio collector, compensation — commissions — deputies and assistants, compensation — training program, attendance required, expenses, compensation (township counties). — 1. The county treasurer ex officio collector in counties of the third and fourth classes adopting township organizations shall receive an annual salary as set forth in the following schedule. . . . A county treasurer ex officio collector subject to the provisions of this section shall not, except upon two-thirds vote of all the members of the salary commission, receive an annual compensation less than the total compensation being received by the county treasurer ex officio collector in that county for services rendered or performed for the period beginning March 1, 1987, and ending February 29, 1988, unless such total compensation paid exceeds the maximum compensation allowable for the office of county treasurer ex officio collector in such county under the provisions of this section. . . . The treasurer and ex officio collector in each of the third and fourth class counties which have adopted the township form of county government is entitled to employ deputies and assistants and for the deputies and assistants, until December 31, 1994, is allowed not less than the amount allowed in 1988. Beginning January 1, 1995, deputies and assistants shall receive compensation in the amount set by the governing body of the county. [Emphasis added.]
* * *
Section 54.230, RSMo 1986, provides in pertinent part:
 54.230. Deputies and assistants compensation (second, third, township organization and certain first class counties). — The county treasurer of . . . a county of the second or third class, and of a county which has adopted the township alternative form of government shall be entitled to have and to appoint such a number of deputies and assistants as the county treasurer, with the approval of the county commission, deems necessary for the prompt and proper discharge of his office, and the treasurer's deputies and assistants shall be paid such salaries as are fixed by the county treasurer with the approval of the county commission. The salaries of all such deputies and assistants shall be paid by the county in the same manner as the salary of the county treasurer is paid. [Emphasis added.]
Section 54.230 was amended in 1986 to make the provisions of that section applicable to a third class county having adopted a township form of organization and has not been amended subsequent.
In Missouri Attorney General Opinion No. 124, Davis, 1967, a copy of which is enclosed, this office considered Section54.230, RSMo 1959. The opinion discusses whether the function of the county court (now county commission) under such section is ministerial or discretionary. The opinion described the issue as determining in which of the following ways Section54.230, RSMo 1959 should be interpreted:
 1. That the county treasurer has an unqualified right to appoint deputies and assistants and the county court's approval is simply ministerial.
 2. That the county treasurer's right to appoint deputies and assistants is a qualified right which requires the approval of the county court in the exercise of its discretion.
The opinion concluded approval by the county court (now county commission) is discretionary and stated:
 It is therefore the opinion of this office that a county treasurer of a second class county must submit his deputy and assistant appointments to the county court pursuant to Section 54.230, RSMo 1959. Such appointment is not valid until approved by the county court and that approval is within the sound discretion of the county court.
Statutes relating to the same subject are to be considered together and harmonized if possible so as to give meaning to all provisions of each. State ex rel. Lebeau v. Kelly, 697 S.W.2d 312,315 (Mo.App. 1985). When the legislature amended Section54.230 in 1986 so that such section applies to a third class county having adopted a township form of government, it was apparently the intent of the legislature that the county commission approve the number and salary of the deputies and assistants in the office of the county treasurer ex officio collector.
Section 54.320 does not say the deputies and assistants shall be paid a specific amount; rather, it says the treasurer ex officio collector is entitled to employ deputies and assistants and for the deputies and assistants, is allowed not less than . . . . In considering the two statutes together, we conclude the county commission is not required to pay the deputy treasurer ex officio collector ninety percent of the salary of the treasurer ex officio collector. Section 54.230 provides discretion to the county commission, and Section 54.320 does not mandate payment of such amount to the deputy.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 124, Davis, 1967