Donna M. White, Director Missouri Department of Labor and Industrial Relations Post Office Box 58 Jefferson City, Missouri 65102
Dear Director White:
This opinion is in response to your question asking:
 Whether requirements under Sections 287.410, 287.650, 287.280, 287.320, 287.330 and 287.800, RSMo, concerning workers' compensation matters provide sole authority for; are in addition to; or are superseded and precluded by Section 537.620, RSMo, for a group of political subdivisions providing thereunder liability and other lines of insurance, and including workers' compensation coverage.
Sections 537.620 to 537.650, RSMo, authorize three or more political subdivisions of the State to form an association to provide insurance for its members. Section 537.620, RSMo Supp. 1990, provides:
 537.620. Political subdivisions may jointly create entity to provide insurance. — Notwithstanding any direct or implied prohibitions in chapter 375, RSMo, 377, RSMo, or 379, RSMo, any three or more political subdivisions of this state may form a business entity for the purpose of providing liability and all other insurance for any of the subdivisions upon the assessment plan as provided in sections 537.600 to 537.650. Any political subdivision may join this entity and use public funds to pay any necessary assessments.
Section 537.620, RSMo, was originally enacted by Conference Committee Substitute for Senate Substitute for Senate Committee Substitute for House Substitute for House Bill No. 1650, 79th General Assembly, Second Regular Session (1978), and allowed business entities created pursuant to its provisions to provide only liability insurance. This section was amended by Conference Committee Substitute for Senate Committee Substitute for Senate Bill No. 532, 84th General Assembly, Second Regular Session (1988), allowing such a business entity to provide"liability and all other insurance." [Emphasis added.]
In construing a statute, legislative intent should be ascertained from the language used, considering words in their plain and ordinary meaning. Metro Auto Auction v. Director ofRevenue, 707 S.W.2d 397, 401 (Mo. banc 1986). Based on the plain meaning of Section 537.620, RSMo Supp. 1990, a business entity formed by any three or more political subdivisions of the state is authorized to provide workers' compensation insurance as provided in such section.
The director of insurance is authorized to oversee Section537.620 entities. Section 537.625, RSMo Supp. 1990, requires such an entity to "pay a license fee of one hundred dollars and file articles of association with the director of insurance." Section 537.625.1, RSMo Supp. 1990. Section 537.630, RSMo 1986, requires the director of insurance to review the filed articles of association and determine if the proposed association meets the requirements set out in Sections 537.600 to 537.650, RSMo. If so, the director of insurance issues a license to the association authorizing it to do business for a one year period. Section 537.630, RSMo 1986. Section 537.640.1, RSMo 1986, authorizes the director of insurance to examine the affairs of any association organized under Sections 537.620 to537.650, RSMo, and to "make such rules and regulations as may be necessary for the execution of the functions vested in him." If a Section 537.620 entity fails or refuses to pay a claim finally adjudged to be due or is unable to satisfy its contractual obligations, the director of insurance is authorized to "take charge of the association, its assets and affairs, and wind up same. . . ." Section 537.645, RSMo 1986.
Chapter 287, RSMo, is known as "The Workers' Compensation Law." Section 287.280.1, RSMo 1986, generally requires "[e]very employer subject to the provisions of this chapter shall insure his entire liability thereunder, except as hereafter provided, with some insurance carrier authorized to insure such liability in this state. . . ." Within Chapter 287, RSMo, there are alternative methods for providing the required protection. Section 287.280.1, RSMo 1986, provides in part:
 . . . an employer or group of employers may themselves carry the whole or any part of the liability without insurance upon satisfying the division of their ability so to do. . . . When a group of employers enter into an agreement to pool their liabilities under this chapter, individual members will not be required to qualify as individual self-insurers.
In addition to the provisions for self-insurers, an alternate method of providing insurance is found in Section 287.370, RSMo 1986, which states:
 287.370. Compensation in lieu of insurance, how provided. — Any employer or group of employers may enter into or continue any agreement with his or their employees to provide a system of compensation benefits or insurance in lieu of the compensation and insurance provided by this chapter. Such substitute system and insurance shall be subject to the approval of the director of the insurance division and shall not be approved by him unless they confer benefits upon injured employees or their dependents at least equivalent to the benefits provided by this chapter, nor if they require contributions from employees, unless they confer benefits in addition to those provided under this chapter at least commensurate with such contribution. Appeals shall lie to the commission from any decision, award or order made by or under such substitute system. Such substitute system and insurance may be terminated by the director of the insurance division on reasonable notice and hearing to the interested parties, if it shall appear that the same is not fairly administered, or if its operation shall disclose latent defects threatening its solvency or if for any other substantial reason it fails to accomplish the purposes of this chapter; and in this case the director of the insurance division shall determine upon the proper distribution of all remaining assets, if any, subject to the right of any party in interest to have such action reviewed by a court of competent jurisdiction.
In addition to the alternatives provided in Chapter 287, RSMo, Sections 537.620 to 537.650 offer another alternative for political subdivisions to provide the required protection. Your question requests we determine whether certain sections in Chapter 287, RSMo, apply to the alternative created by Sections537.620 to 537.650.
Statutes relating to the same subject are to be considered together and harmonized if possible so as to give meaning to all the provisions of each. State ex rel. Lebeau v. Kelly,697 S.W.2d 312, 315 (Mo.App. 1985). As stated in Laughlin v.Forgrave, 432 S.W.2d 308, 313 (Mo. banc 1968):
 Where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy, but to the extent of any necessary repugnancy between them the special will prevail over the general statute.
Chapter 287, RSMo, deals with workers' compensation in general while Sections 537.620 to 537.650 deal specifically with an alternative method for political subdivisions to provide workers' compensation protection. We will attempt to read together and harmonize Chapter 287, RSMo, and Sections 537.620
to 537.650; however, to the extent there is any repugnancy between Chapter 287, RSMo, and Sections 537.620 to 537.650, the provisions of Sections 537.620 to 537.650 will prevail.
Within this context, we review the specific statutory sections cited in your question and their applicability to a Section 537.620 entity.
 I. Section 287.410, RSMo 1986 — Section 287.410, RSMo 1986, authorizes the Division of Workers' Compensation to:
 have and exercise such of the powers and functions of the commission in the administration of the workers' compensation law as the commission may by regulation prescribe; provided, however, that the power and duty to review any award made under the workers' compensation law, as authorized by sections 287.470 and 287.480, may not be delegated, but such power and duties shall be exercised exclusively by the commission. . . .
 Sections 537.620 to 537.650 are silent on the matter of review of workers' compensation claims. Pursuant to Section 287.410, RSMo 1986, review of awards is to be by the commission.
 II. Section 287.650, RSMo 1986 — Section 287.650, RSMo 1986, authorizes the Division of Workers' Compensation to make rules and regulations. A Section 537.620 entity must comply with rules and regulations promulgated pursuant to Section 287.650
to the extent such rules and regulations are not inconsistent with Sections 537.620 to 537.650.
 III. Section 287.280, RSMo 1986 — As discussed previously, Sections 537.620 to 537.650 are an alternative to Section 287.280. Therefore, the provisions of Section 287.280 do not apply to a Section 537.620 entity.
 IV. Section 287.320, RSMo 1986 — Section 287.320, RSMo 1986, requires a schedule of rates and classification of risks to be filed by every insurance carrier or group of carriers authorized to insure against liability under Chapter 287, RSMo. However, Section 287.320.1, RSMo 1986, provides the following exception:
 . . . [t]he provisions of this section as to rates and classifications shall not apply to employers who provide among themselves insurance or indemnity against liability under this chapter, on the reciprocal, interinsurance or mutual plan, except that the classifications shall be approved by the director of the division of insurance and that the rates for such insurance or indemnity shall not be less than the rates approved by the director of the division of insurance as sufficient to provide for the payment of the compensation provided by this chapter.
 This exception is applicable to a Section 537.620
entity.
 V. Section 287.330, RSMo 1986 — Section 287.330, RSMo 1986, allows a corporation, an unincorporated association, a partnership or an individual to make application to the director of insurance for a license as a rating organization. There is nothing within the statute that would prohibit its application to an entity formed pursuant to Section 537.620, RSMo Supp. 1990.
 VI. Section 287.800, RSMo 1986 — Section 287.800, RSMo 1986, provides that the provisions of Chapter 287, RSMo, should be liberally construed "with a view to the public welfare, and a substantial compliance therewith shall be sufficient to give effect to rules, regulations, requirements, awards, orders or decisions of the division and the commission, and they shall not be declared inoperative, illegal or void for any omission of a technical nature in respect thereto." To the extent that the activities of an entity formed pursuant to Section 537.620 involve statutes contained within Chapter 287, RSMo, such statutes are to be interpreted pursuant to the guidance found in Section 287.800, RSMo 1986.
In summary, it is the opinion of this office that the provisions of Chapter 287, RSMo, apply to an entity created pursuant to Section 537.620, RSMo Supp. 1990, except where the provisions of Sections 537.620 to 537.650, RSMo, are inconsistent with Chapter 287, RSMo.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General