The Honorable Mike Lybyer Senator, District 16 State Capitol Building, Room 333 Jefferson City, Missouri 65101
Dear Senator Lybyer:
This opinion letter is in response to your questions asking:
 1. May a school district receive a donation of property located within another school district and hold title to such property?
 2. May a school district lease property located within another school district?
 3. May such a school district operate a high school program on property either donated or leased to such district and located within the boundaries of another school district?
 4. May a group of school districts operate a high school program under an intergovernmental cooperation agreement as provided in Chapter 70, RSMo on property located within the boundaries of one of the participating districts?
Along with your questions, you state:
 The Fairview R-XI School District is an elementary district that currently sends its students to another district for high school on a tuition basis. The district has received an offer from an individual to build a high school and donate it as well as a substantial amount of surrounding property to the district, however, such building and property would be located within the boundaries of another district. The district would like to receive the donation and operate the high school [f]or the benefit of its students. If the district cannot own property located in another district, it would like to operate a high school on such property under a lease from the donor.
 In any case, the district would like to know whether it can operate a high school program under an intergovernmental cooperation agreement with other school districts on property owned by one of the districts.
We assume that the donation of property to the school district is contingent on the school district agreeing to use the property for the operation of a high school.
Section 167.131, RSMo 1986, provides in part:
 167.131. District without high school to pay tuition for pupil, when — amount to be charged. — 1. The board of education of each district in this state that does not maintain an approved high school offering work through the twelfth grade shall pay the tuition of each pupil resident therein who has completed the work of the highest grade offered in the schools of the district and who attends an approved high school in another district of the same or an adjoining county, or an approved high school maintained in connection with one of the state institutions of higher learning, where work of one or more higher grades is offered.
* * *
We assume from the facts you have provided that the Fairview R-XI School District currently sends students to high school in another district pursuant to Section 167.131.
Section 177.091, RSMo Supp. 1991, provides in part:
 177.091. Elementary and high schools, establishment — acquisition of additional grounds — sale of property. —
* * *
 2. The board [school board in each six-director district] may also establish high schools and may select and procure sites and erect and furnish buildings therefor.
 3. The board may acquire additional grounds when needed for school purposes.
* * *
While Section 177.091 does not specify that the site of a high school must be within the boundaries of the school district establishing it, Section 177.011, RSMo 1986, states: "The title of all schoolhouse sites and other school property is vested in the district in which the property is located. All property leased or rented for school purposes shall be wholly under the control of the school board during such time. . . ."
Statutes relating to the same subject are to be considered together and harmonized if possible so as to give meaning to all provisions of each. State ex rel. Lebeau v. Kelly,697 S.W.2d 312, 315 (Mo.App. 1985). In reading Sections 177.091
and 177.011 together, we conclude that the authority granted a school district by Section 177.091 to select and procure sites for and establish high schools and the authority to acquire additional grounds for school purposes is limited by Section177.011 to property within the boundaries of the acquiring district.
Therefore, in response to your first three questions, we conclude that a school district is not authorized to receive a donation of property or lease property for the purpose of operating a high school within the boundaries of another school district.
Your fourth question asks whether a group of school districts may operate a high school under an intergovernmental cooperation agreement as provided in Chapter 70, RSMo.
Section 70.210, RSMo Supp. 1991, provides:
 70.210. Definitions. — As used in sections 70.210 to 70.320, the following terms mean:
 (1) "Governing body", the board, body or persons in which the powers of a municipality or political subdivision are vested;
 (2) "Municipality", municipal corporations, political corporations, and other public corporations and agencies authorized to exercise governmental functions;
 (3) "Political subdivision", counties, townships, cities, towns, villages, school, county library, city library, city-county library, road, drainage, sewer, levee and fire districts, soil and water conservation districts, watershed subdistricts, county hospitals, and any board of control of an art museum, and any other public subdivision or public corporation having the power to tax.
Section 70.220, RSMo 1986, provides:
 70.220. Political subdivisions may cooperate with each other, with other states, the United States or private persons. — Any municipality or political subdivision of this state, as herein defined, may contract and cooperate with any other municipality or political subdivision, or with an elective or appointive official thereof, or with a duly authorized agency of the United States, or of this state, or with other states or their municipalities or political subdivisions, or with any private person, firm, association or corporation, for the planning, development, construction, acquisition or operation of any public improvement or facility, or for a common service; provided, that the subject and purposes of any such contract or cooperative action made and entered into by such municipality or political subdivision shall be within the scope of the powers of such municipality or political subdivision. If such contract or cooperative action shall be entered into between a municipality or political subdivision and an elective or appointive official of another municipality or political subdivision, said contract or cooperative action must be approved by the governing body of the unit of government in which such elective or appointive official resides. [Emphasis added.]
Because we have concluded in answer to your first three questions that a school district cannot acquire property for the operation of a high school within the boundaries of another school district and because Section 167.131 expressly provides that a school district without a high school shall pay tuition for its resident pupils to attend a high school in another district, we conclude the agreement described in your questions would not be authorized by Section 70.220. Such an agreement would not be "within the scope of the powers of such . . . political subdivision."
Very truly yours,
 WILLIAM L. WEBSTER Attorney General