The Honorable Carl M. Vogel State Representative, District 114 State Capitol Building Jefferson City, MO 65101
Dear Representative Vogel:
This opinion responds to your question asking:
 Whether Missouri Housing Authorities under the auspices of Missouri Housing Authorities Property Casualty Insurance, Inc. (hereinafter "MHAPCII") can enter into contracts with housing authorities in other states, if permitted by the laws of said states, to provide property and casualty insurance and reinsurance in essentially the same manner as it currently provides coverage to its Missouri members?
Various statutory provisions relate to your question. Statutes relating to the same subject are to be considered together and harmonized if possible so as to give meaning to all the provisions of each. State ex rel. Lebeau v. Kelly, 697 S.W.2d 312,315 (Mo.App., E.D. 1985).
Section 537.620[1] authorizes:
 [A]ny three or more political subdivisions of this state [to] form a business entity for the purpose of providing liability and all other insurance for any of the subdivisions
upon the assessment plan as provided in sections 537.600 to 537.650. Any political subdivision may join this entity and use public funds to pay any necessary assessments.
(Our emphasis).
Section 537.625 sets forth the requirements which the §537.620 association must meet. That section requires the association to file articles of association and bylaws. The articles of association must set forth the method by which members may be admitted to the association, the method of assessing members, and assessment maximums. The bylaws must provide for a governing body for the association, must specify the classes of membership, and must give other information. Section 537.625.2 requires the association to appoint a registered agent. Section 537.625.3 authorizes the association to provide in its bylaws that it may transfer risk to other insurance companies or for reinsurance. Section 537.635 provides that the association is to do business as a corporation, that each member's liability is limited to the amount of assessments, and that the corporation is to distribute no profits.
Section 99.040 authorizes the formation of municipal corporations known as housing authorities to provide safe and sanitary low-income housing. Housing authorities are political subdivisions of the state. State ex rel. City of St. Louis v.Ryan, 776 S.W.2d 13, 16 (Mo. banc 1989) (citing § 99.040, RSMo 1986).
Article VI, § 16, of the Missouri Constitution provides:
 Any municipality or political subdivision of this state may contract and cooperate with . . . other states or their municipalities or political subdivisions . . . for the planning, development, construction, acquisition or operation of any public improvement or facility, or for a common service, in the manner provided by law.
Section 70.220 sets forth the statutory equivalent.
Because a housing authority is a political subdivision, it may contract and cooperate with other states or their municipalities or political subdivisions for "a common service." However, your question asks whether the association MHAPCII, formed under § 537.620, may contract with political subdivisions outside the state "to provide property and casualty insurance and reinsurance in essentially the same manner as it currently provides coverage to its Missouri members."
Section 537.620 authorizes housing authorities to form or to join the association. It sets forth the association's purpose as "providing liability and all other insurance for any of thesubdivisions." (Our emphasis). Section 537.625.3 expressly authorizes that association to provide in its bylaws "for the transfer of risks to other insurance companies or for reinsurance." We can find no provision authorizing the association, however, to insure other than the risks of its member subdivisions. Section 537.620 limits its initial membership to "political subdivisions of this state" but allows "[a]ny political subdivision" to join and use public funds to pay any necessary assessments. We conclude that "any political subdivision" is a reference to political subdivisions of Missouri. Otherwise, the legislature would not have needed to authorize those political subdivisions to "use public funds." Thus, only political subdivisions of Missouri may become members of the association. Accordingly, the association may not insure risks of other states' housing authorities.
CONCLUSION
It is the opinion of this office that an association of Missouri housing authorities formed under § 537.620 to self-insure their risks may not contract to assume risks of other than Missouri political subdivisions which are members.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] All statutory references are, unless otherwise indicated, to the 1994 Revised Statutes of Missouri (RSMo).