**MISSOURI DIVISION OF EMPLOYMENT SECURITY, Appellant,**

v.

**LABOR AND INDUSTRIAL RELATIONS COMMISSION OF MISSOURI, and Feeney Construction Company, Koss Construction Company, Massman Construction, Penzel Construction Company, Inc., List & Clark Construction Company, J. A. Tobin Construction Company, Bowen Construction Company, Howard Construction Company, Knutson Construction Company, L. G. Barcus and Sons, Inc., Clarkson Construction Company, Kirkwood Contractors, Incorporated, Union Construction Company, Tri-City Construction Company, Zarah Quarries, Inc., Lead Belt Materials Company, Inc., Shawnee Construction, Inc., Delta Asphalt, Inc., General Contractors, Inc., Southeast Missouri Stone Company, Mo-Kan Paving, Inc., Central Bridge Company, Girardeau Contractors, Inc., Herzog Contracting Corporation, United Construction Company, Inc., Masters and Yount Construction Company, W. J. Menefee Construction Company, Respondents.**

No. WD 32884.

Missouri Court of Appeals,
Western District.

July 6, 1982.

**316**

Rick V. Morris, Chief Counsel, Div. Employment Sec., Jefferson City, for appellant.

Richard S. Brownlee, III, Duane E. Schreimann, Jefferson City, for respondents.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

CLARK, Presiding Judge.

The issue in this case is the method for computation of contributions required to be made to the state unemployment insurance fund for the year 1980 and thereafter by the various employers/respondents. The appeals referee, the Labor and Industrial Relations Commission and the circuit court all found the computation to be in accordance with a formula advocated by the employers/respondents and the Division of Employment Security appeals. Affirmed.

The Division of Employment Security, hereafter the Division, administers the un-

employment compensation fund and the payment of benefits in accordance with the Missouri Employment Security Law, Chapter 288 of the statutes. In so doing, the Division maintains a separate account for each employer subject to the law and establishes annually the contribution rate for each for the succeeding year. The accounts of all the employer/respondents here admittedly reflect deficit balances, that is, payments chargeable to each account for benefits have exceeded contributions, and, thus, the contribution rate for each is to be ascertained in accordance with § 288.115.[1] It is the content of this section which has generated the present controversy.

Prior to 1979, the contribution rate for all deficit account employers was uniformly established at 3.6 percent regardless of the amount by which benefits charged against each account exceeded contributions to that account. Senate Bill 477 effective January 1, 1980 (Laws of Mo.1979, p. 464), however, amended § 288.115 to create a graduated scale for contributions by deficit account employers. The statute, so amended,[2] reads as follows:

288.115. If benefits exceed contributions.—If, on any June thirtieth, or within a reasonable time thereafter, as may be fixed by regulation, the total of an employer's contributions, paid and credited for all past periods, or for the past sixty consecutive calendar months, whichever is more advantageous to such employer, is less than the total benefits charged against his account during the same period, his contribution rate for the ensuing calendar year shall be determined from the following table:

| Ratio of Deficit to Average Annual Payroll | Less Than | Contribution Rate |
|---|---|---|
|  | 2.0 | 3.6 |
| 2.0 | 4.0 | 3.8 |
| 4.0 | 6.0 | 4.0 |

deleted computations beyond the ratio of 8.0 and set the maximum contribution rate at 4.4. The amendment made no change relevant to the subject considered on this appeal.

---

1. All references are to RSMo 1978.

2. A further amendment to § 288.115 was accomplished by Senate Bill 583 effective October 1, 1980 (Laws of Mo.1980, p. 385). The change

| Average Annual Payroll | Less Than | Contribution Rate |
|---|---|---|
| 6.0 | 8.0 | 4.2 |
| 8.0 | 10.0 | 4.4 |
| 10.0 | 12.0 | 4.6 |
| 12.0 | 14.0 | 4.8 |
| 14.0 | 16.0 | 5.1 |
| 16.0 | 18.0 | 5.4 |
| 18.0 | 20.0 | 5.7 |
| 20.0 | | 6.0 |

As interpreted by the Division, the term "Ratio of Deficit to Average Annual Payroll" and the figures in the column below as set out in the amended § 288.115 require a computation of percentage to ascertain the deficit experience for rating purposes. Thus, for example, in the case of employer/respondent Massman Construction Company, its report of experience for the calculation date of July 1, 1979 showed a deficit account balance of $231,182 and an average annual payroll of $2,003,714. Dividing the account balance by the average payroll results in the figure of .1153. The Division translates this result into an experience rating of 11.53 percent which, by reference to the table in the statute, yields a rate of 4.6 for 1980 contributions.

The employers/respondents contend that the term "percentage" does not appear in the statute, only the word "ratio" which, by mathematical definition, is the quotient derived by dividing two numbers. In the case of Massman, they say, the ratio is .1153 and, being less than 2.0, their contribution rate is 3.6, the minimum. The employers/respondents note that the percentage which the Division calculates is only reached by multiplication of the ratio by 100, a computation not authorized or contemplated by the statute.

In the point presented on this appeal, the Division urges reversal of the decision by the Labor and Industrial Relations Commission on the grounds that the conclusion reached is contrary to the intent of the legislature as evidenced by the amendment of § 288.115 and leads to an absurd result. In support of this contention, the Division argues that § 288.115 must be read and applied in a manner consistent with the remainder of the act, particularly §§ 288.-116 through 288.120. These last mentioned sections are applicable to surplus account employers, that is, those in which benefits charged are less than contributions made. In such cases, §§ 288.116 through 288.120 provide a declining rate for contributions depending on the percentage by which the surplus balance exceeds the employer's average annual payroll. The Division argues that if percentage has been the factor governing reduction of contributions by surplus account employers, then the legislature must surely have intended percentage to be the basis for increasing contributions from deficit account employers.

The Division also points out that use of ratio as advocated by the employer/respondents virtually nullifies any effect from the amendment of the statute. By stipulation it was agreed that for the year 1980, there were in Missouri 15,501 deficit account employers. By use of ratio in place of percent, only 344 employers would be required to contribute more than the minimum rate of 3.6. If percent is the intended factor, 13,-237 employers would pay at a rate greater than the minimum. The Division argues that the legislature could not have intended as a result of creating the deficit experience rating table that only some 2 percent of the deficit account employers would be affected.

No facts in this case being the subject of any dispute, the decision by the Commission represents an interpretation and application of the statute, § 288.115. The appellate court is not bound by the decision of an administrative body as to a question of law but reaches its own determination as to whether or not the correct result has been reached. *First Bank of Commerce v. Labor and Industrial Relations Commission of Missouri*, 612 S.W.2d 39 (Mo.App.1981); *Jennings v. Labor and Industrial Relations Commission*, 579 S.W.2d 845 (Mo.App.1979). In cases of statutory interpretation and application, the primary rule is to determine the intent of the legis-

lature from the language used applying the language in its plain and ordinary sense. *City of Willow Springs v. Missouri State Librarian*, 596 S.W.2d 441, 445 (Mo. banc 1980); *O'Dell v. Division of Employment Security*, 376 S.W.2d 137, 142 (Mo.1964).

▪ The legislature is presumed to have intended exactly what it states and if the language used in the statute is clear and unambiguous, there is no room for construction. *Schimmer v. H. W. Freeman Construction Co., Inc.*, 607 S.W.2d 767 (Mo. App.1980). Effect must be given to the legislative intent from what the legislature said and not from what the legislature may have intended to say or inadvertently failed to say. *State ex rel. Igoe v. Bradford*, 611 S.W.2d 343 (Mo.App.1980). Once a law has been adopted in express and unambiguous language, the court is not at liberty to give effect by construction to contentions of supporters or opponents but must enforce the law according to its terms. *Missourians For Honest Elections v. Missouri Elections Commission*, 536 S.W.2d 766 (Mo.App.1976).

▪ Section 288.115, in contrast to the succeeding Sections 288.116 through 288.-120, uses the term "ratio" which, by common definition and, according to the testimony of the expert witness called by the employers/respondents, has a definite meaning in the relationship of numbers. Ratio is the quotient derived from dividing one number by another. The term "percentage" used in §§ 288.116 through 288.-120, means the part of a whole expressed in hundredths—the result obtained by multiplying a number by one hundred. Thus, the "Ratio of Deficit to Average Annual Payroll" is computed by dividing the account balance (in the case of deficit account employers, the excess of benefit charges over contributions) by the average annual payroll. The result, without further computation, is the ratio.

In its calculation, the Division has assumed the further step of multiplying the result, the ratio, by 100 to produce a percent which is the figure it then applied to the table set out in § 288.115. As the employers/respondents correctly point out, the statute authorizes no such computation which in fact enlarges the critical experience factor by a multiple of one hundred. The Labor and Industrial Relations Commission by the decision of its Appeals Tribunal properly held the additional multiplication calculation to be violative of the statute and ordered recompensation of contribution rates for the employers/respondents.

▪ The conclusion reached above is reinforced by reference to the legislative history of Senate Bill 583 of the 80th General Assembly which accomplished further amendment to § 288.115. Although this later amendment postdates the applicable time period in the present case, the detail appearing in footnote 2 above, it is appropriate to consider acts passed at subsequent legislative sessions to ascertain legislative policy and intent. *State ex rel. Jackson County v. Spradling*, 522 S.W.2d 788, 791 (Mo. banc 1975).

Senate Bill 583 was variously amended after introduction in the Senate, the change of significance here being an amendment offered by Senator Dirck to delete the word "Ratio" from the table in § 288.115 and insert in lieu thereof the word "Percentage." As passed by the Senate and sent to the House, the bill used percentage for computation of the contribution rate. In the House, however, the bill was further amended by a House Committee Substitute bill which, among other changes, restored the word "Ratio." The differences between the Senate and House drafts were resolved in joint conference committee and, as truly agreed and finally passed, the bill retained use of ratio for computation of employer contribution rates in deficit accounts.

This legislative history demonstrates beyond question, first, that the legislature recognized the distinction between ratio and percentage and cannot be regarded as having confused the terms as interchangeable and, second, that a conscious choice was made by the legislature to use ratio in the statute to calculate rates for deficit account employers in the face of an alternate proposal to substitute percentage. Quite obvi-

ously, the position taken by the Division in making computation of rates by percentage runs directly contrary to the decision of the legislature on that issue and therefore must be rejected.

The decision of the Labor and Industrial Relations Commission is affirmed.

All concur.