STATE of Missouri, Respondent,

v.

Alfreddie NEVELS, Appellant.

No. WD 36708.

Missouri Court of Appeals,
Western District.

March 4, 1986.

Application to Transfer Denied
June 17, 1986.

Kathleen Murphy Markle, Columbia, for appellant.

William L. Webster, Atty. Gen., Duane E. Butler, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and TURNAGE and MANFORD, JJ.

TURNAGE, Judge.

Alfreddie Nevels was found guilty by a jury of rape and the court imposed sentence of 45 years without eligibility for probation or parole.

Nevels contends that § 558.018, RSMo Cum. Sup. 1984, did not authorize the court to sentence Nevels to 45 years in prison without probation or parole, and that if the statute is read to authorize such a sentence, the statute is unconstitutional. Nevels further contends that the court erred in admitting a photograph of a T-shirt because the T-shirt was seized in violation of Nevels' constitutional rights. Affirmed.

Nevels does not challenge the sufficiency of the evidence and in fact at trial conceded the victim had been raped. Nevels presented an alibi defense and asserted he was not involved in the crime. The evidence was sufficient to allow the jury to find that on June 16, 1984, a University of Missouri student was raped in a classroom in the medical center building by Nevels. The evidence showed the victim was attacked while she was waiting for an elevator in the medical building. The evidence further showed the student is white and Nevels is black, and that the student positively identified Nevels.

After the rape occurred, Nevels took the victim by the arm and left the medical building with her and started· across a parking lot. As they crossed the parking lot Nevels and the victim passed a woman who had known Nevels for 20 years. This woman testified that Nevels spoke to her using her nickname. Shortly after Nevels saw the woman, the victim spotted a man nearby in the parking lot. She broke free from Nevels, ran to the man and begged for help. The man, who was a physician, escorted the victim to her dorm and called the campus police. The physician testified that the appearance of Nevels in court was not compatible with his recollection of the appearance of the man who had been with the victim in the parking lot.

The victim testified that at the time of the attack Nevels wore a red T-shirt with the white letters "LYNN" across the front. Two officers of the campus police department went to the address given by Nevels as his residence. They met Alfred Bentley at that address and Bentley told them the lease on the apartment was in his name but he was allowing Nevels to stay there. The officers asked permission to search the room occupied by Nevels, and Bentley agreed and took the officers to his apartment and showed them the room occupied by Nevels. At Nevels' room the officers again asked permission to search and Bentley granted it. As the officers searched each of the two dressers in the room they specifically asked for permission and Bentley again gave consent. In one of the dressers the officers found a red T-shirt with the name "LYNN" in white letters on the front and the name "CHAZ" in white letters across the back.

Nevels presented an alibi defense based on the testimony of his girl friend who was a patient in the University of Missouri Hospital. His girl friend testified that Nevels was in her room before and until after the time of the rape. Another woman who was a patient in the same room with Nevels' girl friend stated Nevels had been in the room but her recollection of the time was not nearly as definite as the girl friend's recollection.

Nevels first contends that § 558.018.3 is ambiguous and that the court only has authority to sentence a persistent sexual offender to a term of 30 years imprisonment without probation or parole. The first two subsections of that section define and provide for the sentencing of a persistent sexual offender. Subsection 3 provides: "[t]he term of imprisonment for one found to be a 'persistent sexual offender' shall be not less than thirty years, which term shall be served without probation or parole."

Nevels contends this subsection is ambiguous because it is not clear whether the words "which term" refer to the 30 years mentioned, or whether "which term" refers to a sentence in excess of 30 years. Nevels contends that because the section is ambiguous, the statute must be construed against the state so that the only sentence which is to be served without parole or probation is the 30 year term. The legislative intent behind a statute is to be determined from the language used and the

words are to be taken in their plain and ordinary meaning. *State v. Adkins,* 678 S.W.2d 855, 859[10] (Mo.App.1984). The legislature is presumed to have intended what a statute says and if the language is clear and unambiguous there is no room for construction. *Missouri Division of Employment Security v. Labor and Industrial Relations Commission of Missouri,* 637 S.W.2d 315, 318[3–5] (Mo.App. 1982).

■ A reading of subsection 3 does not reveal any ambiguity. That section begins by stating the term of imprisonment shall be not less than 30 years. Thus, the term of imprisonment is to be the term actually imposed and such term shall be not less than 30 years but by express provision may be more than 30 years. The term of imprisonment is clearly expressed to be the length of sentence the court imposes and the sentence must be not less than 30 years but may be more. The words "which term" refer clearly to the term which was imposed and therefore the words "to be served without probation or parole" refer to the actual sentence imposed and not the 30 years. Nevels construction of the statute effectively blots out the words "no less than" and makes the statute read the "term of imprisonment for one found to be a persistent sexual offender shall be 30 years which term shall be served without probation or parole." Obviously the subsection does not read that way. This court finds no ambiguity and finds that subsection 3 in plain language requires the term of imprisonment for one found to be a persistent sexual offender shall be the sentence imposed, but not less than 30 years, to be served without probation or parole. As this court finds no ambiguity, there is no need to resort to the rules of statutory construction which apply to ambiguous statutes.

Nevels contends that if § 588.018.3 is construed to require that the entire term in excess of 30 years is to be served without probation or parole then such section is unconstitutional because it unlawfully delegates to the judiciary the authority to determine the maximum term. Nevels further contends that if the statute is so construed, the sentence authorized constitutes cruel and unusual punishment because it is disproportionate to the offense committed. If these constitutional attacks had been properly raised and preserved, this appeal would be in the supreme court under Art. 5, Section 3 of the constitution. The first time Nevels raised any question as to the constitutionality of the section in question was in his motion for a new trial in which he asserted "the persistent sexual offender, which is based on § 558.018 violated the defendants constitutional rights and his conviction, therefore, invalid." To properly raise a constitutional issue a party is required to:

> (1) raise the constitutional question at the first available opportunity; (2) designate specifically the constitutional provision claimed to have been violated, such as by explicit reference to the article and section or by quotation of the provision itself; (3) state the facts showing the violation; and (4) preserve the constitutional question throughout for appellate review.

*City of Eureka v. Litz,* 658 S.W.2d 519, 521[2, 3] (Mo.App.1983).

A general allegation of unconstitutionality similar to the one made by Nevels was held not sufficient to raise a constitutional question in *State v. Wilson,* 233 S.W.2d 686, 687[1] (Mo.1950). There the court stated that "[n]o particular constitutional provision was pointed out by which to test the validity of the Section."

■ In this case the information charged that Nevels was a persistent sexual offender under § 558.018. He was thus put on notice at the beginning of the case that he was charged as a persistent sexual offender. To comply with the requirement that the constitutional issue be raised at the first available opportunity Nevels could and should have made the constitutional attack on § 558.018 soon after the filing of the information. Having failed to raise the issue at the first available time and having failed to raise the issue properly in his later

attempt no constitutional question has been preserved for review.

Furthermore, the attack now made is in the alternative and contends the section is unconstitutional only if construed to apply to a term in excess of 30 years. In *State ex rel. Volker v. Kirby,* 345 Mo. 801, 136 S.W.2d 319, 321[5] (Mo. banc 1940), the court considered a constitutional attack which was made only if the sections under consideration were construed in a certain manner. The court quoted the applicable rule as follows:

> "To raise that question [a constitutional question], the contention must be that the law is unconstitutional whatever it means and under any construction of which it is susceptible. 'The only challenge of unconstitutionality of a statute which does involve such a question is the claim that the statute is inherently and totally invalid in any event.'" *Moyer et ux. v. Orek Coal Co.,* Mo.Sup., 78 S.W.2d 107, loc. cit. 108.

Since the constitutional question has not been preserved for review, this court has jurisdiction.[1]

Nevels finally contends that the court erred by allowing the state to show a photograph of a T-shirt bearing the words "LYNN" on the front and "CHAZ" on the back to Nevels girl friend while she was testifying. Although Nevels filed a pretrial motion to suppress the evidence of the T-shirt, no objection was made when the photograph was marked and shown to Ms. Jackson. Although marked as an exhibit the photograph was not admitted in evidence and the photograph was not referred to again.

■ To preserve any error for review in this situation it is necessary that objection be made when the object is offered in evidence. *State v. Summers,* 660 S.W.2d 772, 773[1] (Mo.App.1983). In the absence of any objection review is limited to plain error affecting substantial rights resulting in manifest injustice or miscarriage of justice. *State v. Harris,* 670 S.W.2d 526, 528[1] (Mo.App.1984).

■ As indicated above, consent for the search of the room occupied by Nevels was given by Alfred Bentley who rented the entire apartment and who stated that he had free access to Nevels' room. In *United States v. Matlock,* 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), the Court held that consent to a search may be obtained from a third party who possesses common authority over or other sufficient relationship to the premises or the effects sought to be inspected. *Id.* at 171, 94 S.Ct. at 993. In a footnote the Court stated that the authority which justifies the third party consent does not rest upon the law of property but rests instead on mutual use of the property by persons generally having joint access or control for most purposes. The Court further stated that in such a situation it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and the others have assumed the risk that one of their number might permit the common area to be searched. *Id.* at 171 n. 7, 94 S.Ct. at 993.

The facts of this case bring the search within the rule stated in *Matlock.* Nevels occupied the room only by consent of Bentley and paid no rent. Bentley owned the furniture in the room and simply allowed Nevels to occupy it while retaining the right to have access to the room. From this evidence the trial court implicitly found in overruling the pretrial motion to suppress that Bentley at least had joint access or control over the room for most purposes and was therefore authorized to give consent for a search of the room. No question is raised as to the consent given by Bentley. For that reason the search was proper. This being the case there was no error in allowing the photograph to be marked and shown to the witness.

The judgment is affirmed.

. All concur.

---

**1.** Section 558.018 was held to be constitutional in *State v. Williams,* 700 S.W.2d 451 (Mo. banc 1985).