**STATE of Missouri, Appellant,**

**v.**

**Joseph T. EVERS, Respondent.**

**No. WD 41628.**

Missouri Court of Appeals, Western District.

Oct. 10, 1989.

Diane Marie Garber, Fulton, for appellant.

F. Randall Waltz, III, Jefferson City, for respondent.

Before NUGENT, C.J., and CLARK and FENNER, JJ.

FENNER, Judge.

The State of Missouri appeals an order of the circuit court directing the State to amend its information against the respondent, Joseph T. Evers. The trial court found the information against respondent insufficient and therefore the State is entitled to appeal under § 547.210.[1]

The information charged respondent with the class A misdemeanor of driving while intoxicated and further charged that respondent was a "prior offender" punishable under § 577.023.2. The information also charged that the present offense occurred on or about October 31, 1988, and that respondent had a prior driving while intoxicated conviction entered on January 3, 1984.

On January 5, 1989, five years and two days after his prior D.W.I. conviction, respondent filed a motion to dismiss or amend the information. Respondent's motion alleged that more than five years had expired since January 3, 1984, and since respondent had not yet been convicted of the pending offense, he could not be sufficiently charged as a prior offender as defined under § 577.023.1(3). The trial court found the information insufficient to

charge respondent as a prior offender and ordered that it be amended.

Section 577.023.1(3) provides the following definition:

A "prior offender" is one who has pleaded guilty to or has been found guilty of an intoxication-related traffic offense within five years of a previous intoxication-related traffic offense conviction.

The State argues that the legislature intended for the five year limitation period to run from the date of the prior conviction to the date of the subsequent offense for purpose of finding a person to be a prior offender. The State's position is that since respondent was charged with having committed a second offense within five years of a previous D.W.I. conviction he was sufficiently charged as a prior offender.

The legislative intent behind a statute is to be determined from the language used and the words are to be taken in their plain and ordinary meaning. *State v. Nevels*, 712 S.W.2d 688, 689–90 (Mo.App. 1986). The legislature is presumed to have intended what the statute says and if the language is clear and unambiguous there is no room for construction. *Id.*

The plain language of § 577.023.1(3) requires that the defendant either plead guilty to or be found guilty of an intoxication-related traffic offense within five years of a previous conviction for the same type of offense, to be treated as a prior offender. The State's argument that the legislature intended for a defendant to be treated as a prior offender if the present offense was committed within five years of a previous conviction is contrary to the plain language of the statute.

As long as the current intoxication-related traffic offense can be brought to a conclusion, by plea or finding of guilt, within five years of a previous offense, the defendant may be charged as a prior offender. However, in the case at bar, since the defendant was no longer subject to

1. All statutory references are to RSMO 1986.

being convicted of the current offense within the necessary five years of his previous offense, he was no longer subject to being charged as a prior offender.

The judgment of the trial court is affirmed.

All concur.