Richard G. Callahan Cole County Prosecuting Attorney 301 East High Street Jefferson City, Missouri 65101
Dear Mr. Callahan:
This opinion letter is in response to your question regarding the interaction of Sections 56.066 and 56.265, RSMo Supp. 1990, and their applicability to the salary for the office of Cole County Prosecuting Attorney for the term 1991-1994. We understand Cole County is a second class county which contains facilities which are operated by the Department of Corrections with a total average yearly inmate population in excess of three thousand persons. We further understand the Cole County Prosecuting Attorney commenced a new term of office in January 1991.
Section 56.265, RSMo Supp. 1990, sets out the schedule for computing the annual salary for prosecutors depending upon the classification of the county they serve and whether they are full-time or part-time prosecutors. The schedule is based upon assessed valuation for the county and population of the county. Along with your question, you state that for purposes of the question you are "assuming that the base salary for [Cole County] prosecuting attorney is $47,000 ($43,000 for assessed valuation and $4,000 for population)."
Section 56.265.1(2), RSMo Supp. 1990, also provides in part as follows:
 In second class counties which contain facilities which are operated by the department of corrections with a total average yearly inmate population in excess of two thousand persons, the prosecuting attorney shall receive thirteen thousand dollars per annum in addition to all other compensation provided by law, however, the total annual compensation of such prosecuting attorney holding office on January 1, 1988, shall not be increased by more than nine thousand dollars above the compensation which he is receiving on January 1, 1988, during the term of office he is serving at that time.
Your question addresses a relationship between the preceding paragraph and Section 56.066.2, RSMo Supp. 1990, which provides as follows:
 2. In second class counties which contain facilities which are operated by the department of corrections with a total average yearly inmate population in excess of one thousand persons, the prosecuting attorney shall receive thirteen thousand dollars per annum in addition to all other compensation provided by law. In second class counties which contain facilities which are operated by the department of corrections with a total average yearly inmate population in excess of three thousand persons, the prosecuting attorney shall receive thirteen thousand dollars per annum in addition to all other compensation provided by law. The compensation provided in connection with the average inmate population shall not be considered for purposes of determining any increase in compensation from January 1, 1988.
Sections 56.066 and 56.265, RSMo, were both adopted as part of Conference Committee Substitute for House Committee Substitute for Senate Substitute for Senate Committee Substitute for Senate Bills Nos. 65, 133, 178, 216 and 231, 84th General Assembly, First Regular Session (1987) [hereinafter sometimes referred to as Senate Bill No. 65]. Senate Bill No. 65 was enacted as a comprehensive law covering salaries of county officials. In the following legislative session in 1988, the provisions enacted as part of Senate Bill No. 65 were substantially amended by Conference Committee Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 431, 84th General Assembly, Second Regular Session (1988). However, the provisions pertinent to your question have not been changed since they were enacted as part of Senate Bill No. 65.
It is helpful to review the progress of the bill that was eventually enacted by the General Assembly in 1987 as Conference Committee Substitute for House Committee Substitute for Senate Substitute for Senate Committee Substitute for Senate Bills Nos. 65, 133, 178, 216 and 231. Senate Substitute for Senate Committee Substitute for Senate Bills Nos. 65, 133, 178, 216 and 231 contained the reference to additional compensation for prosecuting attorneys based on inmate population. This Senate Substitute contained the following language on page 30, lines 51-66, as part of the section eventually numbered 56.265:
 In second class counties which contain facilities which are operated by the Department of Corrections and Human Resources with a total average yearly inmate population in excess of one thousand persons, the prosecuting attorney shall receive $8,000 per annum in addition to all other compensation provided by law.
 In second class counties which contain facilities which are operated by the Department of Corrections and Human Resources with a total average yearly inmate population in excess of three thousand persons, the prosecuting attorney shall receive thirteen thousand dollars per annum in addition to all other compensation provided by law. The compensation provided in connection with the average inmate population shall not be considered for purposes of determining any increase in compensation from the effective date of Section 3 of this act.
In House Committee Substitute for Senate Substitute for Senate Committee Substitute for Senate Bills Nos. 65, 133, 178, 216 and 231, Section 56.066.2 was set out as it now appears in the Revised Statutes of Missouri providing thirteen thousand dollars per annum for prosecuting attorneys in second class counties where the Department of Corrections maintains facilities with a total average yearly inmate population in excess of one thousand persons as well as such counties with a total average yearly inmate population in excess of three thousand persons. House Committee Substitute at page 7, lines 15-27 and page 8, lines 28-30. The section in the House Committee Substitute eventually numbered 56.265 no longer contained the provisions relating to additional compensation for prosecuting attorneys based on inmate population. In the Conference Committee Substitute for House Committee Substitute for Senate Substitute for Senate Committee Substitute for Senate Bills Nos. 65, 133, 178, 216 and 231, which was truly agreed to and finally passed, the language now contained in Section 56.265 relating to additional compensation for prosecuting attorneys in second class counties where the Department of Corrections maintains facilities with a total average yearly inmate population in excess of two thousand persons appeared; however, Section 56.066.2 remained as set out in the House Committee Substitute.
When construing statutes, it is necessary to ascertain the legislature's intent in enacting the measure and to give effect to the plain language of the statute viewed as a whole. A. B.v. Frank, 657 S.W.2d 625, 628 (Mo. banc 1983). Statutes relating to the same subject are to be considered together and harmonized if possible so as to give meaning to all provisions of each. State ex rel. LeBeau v. Kelly, 697 S.W.2d 312, 315
(Mo.App. 1985). Although Section 56.265.1(2), RSMo Supp. 1990, refers to a total average yearly inmate population in excess of two thousand persons and Section 56.066.2, RSMo Supp. 1990, refers to a total average yearly inmate population in excess of one thousand and three thousand persons, each section would apply to Cole County. Based on the language of the statutes, we conclude that the thirteen thousand dollars per annum set forth in Section 56.265.1(2), RSMo Supp. 1990, takes effect for the term 1991-1994 in addition to the salary schedule of Section56.265.1(2), RSMo Supp. 1990, and the thirteen thousand dollars per annum of Section 56.066.2, RSMo Supp. 1990. Both Sections56.066.2 and 56.265.1(2), RSMo Supp. 1990, state that the thirteen thousand dollars per annum compensation provided in each section is "in addition to all other compensation provided by law." The legislature is presumed to have intended what the statute says. State v. Evers, 777 S.W.2d 344 (Mo.App. 1989).
In reaching this decision, we are not unmindful of the rule that statutes providing compensation for an officer are strictly construed against the officer. Becker v. St. Francois County,421 S.W.2d 779, 783 (Mo. 1967). "It is well established, however, that the presumption is that the legislature did not intend for any part of a statute to be without meaning or effect." Stiffelman v. Abrams, 655 S.W.2d 522, 531 (Mo. banc 1983). The legislature has specifically provided thirteen thousand dollars per annum of additional compensation in Section56.066.2, RSMo Supp. 1990, and thirteen thousand dollars per annum of additional compensation in Section 56.265.1(2), RSMo Supp. 1990, for the county prosecuting attorney in counties such as Cole County and specifically stated that each thirteen thousand dollars per annum of additional compensation is in addition to all other compensation provided by law.
Based on the specific language of the statutes, it is the opinion of this office that the Cole County Prosecuting Attorney is entitled to the thirteen thousand dollars per annum set forth in Section 56.265.1(2), RSMo Supp. 1990, in addition to the compensation provided by the salary schedule of Section56.265.1(2), RSMo Supp. 1990, and the thirteen thousand dollars per annum of Section 56.066.2, RSMo Supp. 1990.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General