Richard G. Callahan Cole County Prosecuting Attorney 301 East High Street Jefferson City, Missouri 65101
Dear Mr. Callahan:
This opinion letter is in response to your questions asking:
 [W]hether the salary figure for county officials in Cole County for the 1991-1994 elected terms should be based on the figures set forth in the chart for those counties with an assessed valuation between three hundred and four hundred million dollars or should the salaries be based on the figures set forth in the chart for counties with an assessed valuation between four hundred and five hundred million dollars; and
 Should the eight percent increase [voted by the salary commission in November of 1989 to be awarded to elected officials] be applied to the salary schedule for counties with an assessed valuation between three hundred and four hundred million dollars or should the eight percent increase be applied to the salary schedule for counties with an assessed valuation between four hundred and five hundred million dollars?
Along with your questions, you state that the salary charts in the Revised Statutes of Missouri provide for salaries for the county auditor, clerk, collector, commissioner, prosecutor and recorder depending on the assessed valuation of the county. You further state:
 At the meeting of the Cole County Salary Commission in the fall of 1987, the Commission voted to receive the full compensation provided for by law. For the calendar year 1987, Cole County had an assessed valuation of just under four hundred million dollars, and consequently the County salaries for the 1987-1990 elected terms were based on an assessed valuation between three hundred and four hundred million dollars. In the calendar year 1988 and thereafter, the assessed valuation of property in Cole County has increased to a figure between four hundred and five hundred million dollars.
Conference Committee Substitute for House Committee Substitute for Senate Substitute for Senate Committee Substitute for Senate Bills Nos. 65, 133, 178, 216 and 231, 84th General Assembly, First Regular Session (1987), as amended by Conference Committee Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 431, 84th General Assembly, Second Regular Session (1988), and further amended by House Committee Substitute for Senate Bill No. 525, 85th General Assembly, Second Regular Session (1990) and Senate Bill No. 580, 85th General Assembly, Second Regular Session (1990) established a county salary commission for all nonchartered counties. As codified, Section 50.333, RSMo Supp. 1990, provides in pertinent part:
 50.333. Salary commission, duties of clerk, notice of meetings, members, duties, meetings, report, form, failure to meet, effect of — mileage allowance —" total compensation allowable", defined (noncharter counties). — 1. There shall be a salary commission in every nonchartered county.
* * *
 7. For the year 1989 and every second year thereafter, the salary commission shall meet in every county as many times as it deems necessary on or prior to November thirtieth of any such year for the purpose of determining the amount of compensation to be paid to county officials.
* * *
 The salary commission shall then consider the compensation to be paid for the next term of office for each county officer to be elected at the next general election; . . . . If the commission votes not to increase or decrease the compensation, the salary being paid during the term in which the vote was taken shall continue as the salary of such offices and officers during the subsequent term of office. If the salary commission votes to increase the compensation, all officers or offices, except as otherwise provided in this subsection for county commissioners, whose compensation is being considered by the commission at that time, shall receive the same percentage of the difference between the maximum allowable compensation and the compensation being paid during the term of office when the vote is taken. However, for any county in which all officers are receiving one hundred percent of the maximum allowable compensation, the commission may vote to increase the compensation of county officers without regard to any law or maximum limitation previously established by law. Such increase shall be expressed as a percentage of the compensation being paid during the term of office when the vote is taken, and each officer whose compensation is being established by the salary commission at that time shall receive the same percentage increase over the compensation being paid for that office during the term when the vote is taken. . . .
* * *
In Attorney General Opinion Letter No. 54-89, a copy of which is enclosed, we considered the question of which year's assessed valuation applies to computing compensation for county officers. We stated:
 In setting the compensation of county officials, the statutes frequently provide for a part of the compensation to be based on the assessed valuation of the county. As an example, Section 49.082, RSMo Supp. 1988, as enacted by Senate Bill No. 431, provides a part of the compensation of a county commissioner in certain counties shall be based on a schedule as set forth in the section. . . In determining which year's assessed valuation applies to computing the compensation of the county commissioner, Section 49.082 states: "The population factor shall be . . . and the assessed valuation factor shall be the amount thereof as shown for the year next preceding the computation." (Emphasis added.] Similar language in other statutes relates to computing the compensation of other county officials.
Opinion Letter No. 54-89, pages 1-2.
We further stated:
 Determining the "computation" to which the statutes refer is therefore important because if the year is fixed by the county salary commission's computation, compensation does not change between county salary commission meetings. However, if compensation is determined by computation by the payroll clerk, compensation of county officials varies according to fluctuating assessments for counties from year to year.
Id., pages 2-3.
We concluded that the phrase "for the year next preceding the computation" in Senate Bill No. 431 "refers to the computation made by the county salary commission. In the foregoing example involving the compensation of the county commissioner, the 1989 compensation of the county commissioner would be based on the 1987 assessed valuation. . . ." Id.,
page 3.
We believe Opinion Letter No. 54-89 answers your first question in that the assessed valuation to be used would be the assessed valuation in existence in "the year next preceding the computation". The computation occurred at the salary commission meeting in 1989. You have stated that the assessed valuation of Cole County increased to between four hundred and five hundred million dollars commencing in 1988. Therefore, the assessed valuation of between four hundred and five hundred million dollars should be used in computing salaries for 1991-1994.
Your second question asks whether an eight percent increase voted by the county salary commission in November of 1989 should be applied to the salary schedule for counties with an assessed valuation between three hundred and four hundred million dollars or should be applied to the salary schedule for counties with an assessed valuation between four hundred and five hundred million dollars. The salary schedule in effect in November of 1989 at the time of the county salary commission meeting voting the salary increase was the salary schedule for counties with an assessed valuation between three hundred and four hundred million dollars. The applicable provision in Section 50.333.7, RSMo Supp. 1990, states that the "increase shall be expressed as a percentage of the compensation being paid during the term ofoffice when the vote is taken, and each officer whose compensation is being established by the salary commission at that time shall receive the same percentage increase over thecompensation being paid for that office during the term whenthe vote is taken." [Emphasis added.] The legislature is presumed to have intended what the statute says, and if the language is clear and unambiguous, there is no room for construction. State v. Evers, 777 S.W.2d 344, 345 (Mo.App. 1989). The applicable statutory provision states that the increase shall be expressed as a percentage of the compensation being paid during the term of office when the vote is taken. The vote was taken in November of 1989 when the compensation being paid was based on the salary schedule for counties with an assessed valuation between three hundred and four hundred million dollars. Therefore, the eight percent increase to which you refer in your question should be applied to the salary schedule for counties with an assessed valuation between three hundred and four hundred million dollars.
In summary, the county officials in Cole County listed in your question for the 1991-1994 elected terms will have their salary based on the figures set forth in the chart for those counties with an assessed valuation between four hundred and five hundred million dollars and will receive an additional amount based on eight percent of the salary schedule for counties with an assessed valuation between three hundred and four hundred million dollars.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion Letter No. 54-89