STATE of Missouri, ex. inf., Timothy
BRAUN, Prosecuting Attorney, St.
Charles County, Respondent,

v.

Nicholas L. KELLAR and John
Guerra, Jr., Appellants.

No. 64509.

Missouri Court of Appeals,
Eastern District,
Division One.

March 8, 1994.

Robert K. Sweeney, St. Louis, for appellants.

Kent W. Fanning, Matthew E.P. Thornhill, Asst. Pros. Attys., St. Charles, for respondent.

CRIST, Judge.

Nicholas L. Kellar and John Guerra, Jr., appeal the trial court's order finding the motion by the Board of Directors of the Cottleville Community Fire Protection District (CCFPD) increasing the number of Directors pursuant to § 321.120.5, RSMo Supp. 1992 (amended 1993), did not create a vacancy which the Board could fill pursuant to § 321.200.2, RSMo Supp.1992. We affirm.

On April 6, 1993, an election was held to fill one of the three seats on CCFPD's Board. Mary Morak received the most votes in the election, defeating the incumbent Rich Tucker and Kellar and Guerra. Morak was scheduled to take office on April 13, 1993. On April 12, 1993, Tucker and another Board member, Bill Arnold, called a special meeting and voted to increase the Board's size from three members to five members, pursuant to § 321.120.5. The Chairman of the Board, Henry Graham, was not present at this meeting.

After increasing the size of the Board, Tucker and Arnold selected Kellar and Guerra to fill the two additional directorial positions, allegedly exercising their power to fill vacancies under § 321.200.2. In response to this action, the prosecuting attorney for St. Charles County, Timothy Braun, filed a petition in quo warranto asserting the Board members did not have the power to appoint

directors to fill the newly created directorial positions because no "vacancy" as defined in § 321.200.2 was created. In his petition, Braun argued § 321.120.5 provided that the additional Board members would not be selected until the next regular election of Board members.

The trial court issued findings of fact and conclusions of law holding:

The very subsection, Sect. 321.120.5, which authorizes the increase to five members also provides for the manner in which they shall be selected. An ordinary, common-sense reading of this statute dictates that the intention of the Legislature was to authorize the Board to increase the *number* of directors to five who would then be *selected* by the voters *to act* as the Board of Directors. The language used, i.e., "number ... may be increased" and "increase the number ..." implies just that. However, when the statute provides for the voters to select the five persons, it uses the language: "to act as the Board of Directors." The Board may increase the "number" but the voters select the "persons to act." (emphasis in original).

■ In reviewing a court-tried case, we will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or unless it erroneously declares or misapplies the law. Rule 73.01; *Kopff v. Economy Radiator Service,* 838 S.W.2d 449, 450[1] (Mo.App.1992).

■ Section 321.120.5 states in pertinent part:

[U]pon majority vote of the board of directors, the number of directors may be increased to five, except in any first class county with a charter form of government adjoining a city not within a county. At the next election of board members after the board votes to increase the number of directors, the voters shall select five persons to act as the board of directors.

Kellar and Guerra argue the Board was authorized to fill the newly created directorial positions pursuant to § 321.200.2 which states:

Any vacancy on the board shall be filled by the remaining elected members of the board, except when less than two elected members remain on the board any vacancy shall be filled by the circuit court of the county in which all or a majority of the district lies. The appointee or appointees shall act until the next biennial election at which a director or directors are elected to serve the remainder of the unexpired term.

Kellar and Guerra contend the vote to increase the Board's size from three to five members created two immediate "vacancies" which the Board was to fill until the next election pursuant to 321.200.2. We disagree.

Section 321.120.5, the statute authorizing the new directorial positions, states the new directors are to be selected *by the voters* at the next election of Board members. The wording of § 321.120.5 is unambiguous as to how the new directorial positions are to be filled. Therefore, it is unnecessary to look outside this section. *See, State v. Evers,* 777 S.W.2d 344, 345[2] (Mo.App.1989) (holding the legislature is presumed to have intended what the statute says and when the language of a statute is clear and unambiguous, there is no room for statutory construction).

Kellar and Guerra also argue the pertinent part of § 321.200 was enacted prior to § 321.120.5. Therefore, they assert the legislature was aware of the Board's broad power to fill vacancies and, if it wanted to repeal this power in cases where the number of directors is increased, it would have done so specifically.

We find the legislature did specifically repeal this power when it enacted § 321.120.5. After outlining the method for increasing the Board's membership from three to five, § 321.120.5 specifically states the *voters* shall select the five persons to act as directors. The more specific language of § 321.120.5 overrides the more general language of § 321.200.2. *See, Casey v. State Bd. of Registration,* 830 S.W.2d 478, 481[6] (Mo.App. 1992) (holding a statute which deals with a particular subject in a general way must give way to another statute which treats part of the same subject in a more specific way).

The trial court's decision is supported by substantial evidence and does not erroneously declare or misapply the law. *Kopff*, 838 S.W.2d at 450.

·Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.