The Honorable Ken Jacob State Senator, District 19 State Capitol Building Jefferson City, Missouri 65101
and
The Honorable Tim Harlan State Representative, District 23 State Capitol Building Jefferson City, Missouri 65101
Dear Senator Jacob and Representative Harlan:
Each of you has requested an opinion of this office relating to the Columbia Public Library. The questions posed are as follows:
 What expenditures may legally be made from a Fund established pursuant to § 182.260 RSMo?
Specifically:
 1. Among items "a" through "n" below, what expenses trust be covered by this fund?
 2. Among items "a" through "n" below, what expenses may be covered by this fund?
 3. Among items "a" through "n" below, what expenses may not be covered by this fund?
a. Furniture, such as tables and chairs.
b. Office equipment such as file cabinets.
 c. Items used to store and display items in the Library, such as display racks, book shelves, and book carts.
 d. Audio-visual equipment for use in the Library, such as projection system and slide projector.
 e. Computer equipment, including hardware, software, installation, and servicing.
f. Building repairs.
 g. Heating and air conditioning improvement and replacement.
 h. Upkeep and improvement of grounds and parking areas.
 i. Legal and accounting fees for services provided which relate to building fund.
j. Building security and equipment.
 k. Travel by staff or board for any purpose.
l. Real property purchases.
 m. Feasibility studies for real property proposed for purchase.
 n. Salaries for maintenance, security, and technical support staff.
You provided the following information relating to your opinion request:
 The Columbia Public Library ("Library") is established pursuant to § 182.140, RSMo. In addition to the library tax levied pursuant to § 182.140, the Library also receives funds from a library building tax pursuant to § 182.260. Moneys coming from the library tax (§ 182.140
tax) are deposited into the "operating fund" and the moneys coming from the library building tax (§ 182.260 tax) are deposited into the "building fund." The Columbia Public Library Board of Trustees wants a clarification as to what types of expenditures may, must, or may not be made out of the "building fund" under § 182.260.
Section 182.260, RSMo 1994, establishes the fund to which your questions refer. Such section provides:
 182.260. Library building tax — duration, rate, election — funds, management and disbursement (cities 10,000 or over). — Whenever in any city which has decided or shall hereafter decide to establish and maintain a free public library under the provisions of sections 182.140 to 182.301, voters equal to five percent of the total vote cast for governor at the last election in the city in writing petition the proper authorities, asking that an annual tax be levied as an increased rate of taxation for the erection and maintenance of free public library buildings in the city, and specify in their petition an annual rate of taxation, which shall not be levied for more than ten years on all taxable property in the city, and the board of trustees of the free public library of the city deems it necessary that the library building be erected and properly maintained and refurbished, and so express its opinion by resolution, then the question shall be submitted at an election. The order of the governing body and the notice shall specify the name of the city and the rate of taxation mentioned in the petition. If a majority of the voters voting on the question vote in favor of the increased tax, the tax specified in the notice shall be levied and collected in like manner with other general taxes of the city, and shall be known as the "Library Building, Maintenance and Refurbishing Fund". All funds received pursuant to this section shall be utilized by the board of trustees for erection of a library or for the normal maintenance, remodeling or refurnishing of any existing library under the control of the board. At least once in every month the proper city finance officer shall pay over to the treasurer of the library district all moneys received and collected for the library building, maintenance and refurnishing fund, including interest on such moneys, and take duplicate receipts from the treasurer, one of which he shall file with the secretary of the library district and the other of which he shall file in his settlement with the city governing body. [Emphasis added.]
The section specifically provides that the funds shall be utilized by the Board of Trustees for "erection of a library or for the normal maintenance, remodeling or refurbishing of any existing library."
One of the enumerated permitted purposes for which the funds collected pursuant to Section 182.260 can be expended is "normal maintenance." This office in prior opinions has considered what constitutes "maintenance." Enclosed herein is a copy of Opinion No. 181-91 and Opinion Letter No. 28-90 which addressed permitted expenditures under statutes allowing expenditures for "maintenance." In Opinion Letter No. 28-90, this office looked to the dictionary to determine the meaning of the word "maintenance":
The word "maintenance" has been defined as:
 "a maintaining or being maintained; upkeep, support, . . . the work of keeping a building, machinery, etc. in a state of good repair. . . ."
 Webster's New World Dictionary, Second College Edition, 1980, page 854.
The word "maintain" has been defined as:
 "1. to keep or keep up; continue in or with; carry on 2. a) to keep in existence or continuance . . . b) to keep in a certain condition or position, esp. of efficiency, good repair, etc.; preserve. . ."
 Webster's New World Dictionary, Second College Edition, 1980, page 854.
Opinion Letter No. 28-90 at pages 2 and 3. In reliance on these dictionary definitions, the opinion letter concluded that "maintenance" includes expenditures for the purposes of upkeep and to keep the facilities and buildings in a state of good repair. The discussion in Opinion Letter No. 28-90 was relied on in Opinion No. 181-91 in deciding whether each of four specified expenditures constituted maintenance.
The fund about which you are concerned includes among the permitted purposes "remodeling" and "refurnishing." The relevant statute provides no definition for these terms. Undefined words are given their plain and ordinary meaning as found in the dictionary in order to ascertain the intent of lawmakers. Asburyv. Lombardi, 846 S.W.2d 196, 201 (Mo. banc 1993). "Remodel" is defined as "to make over; rebuild." Webster's New World Dictionary, Second College Edition, 1979, page 1202. "Refurnish" is defined as "to brighten, freshen, or polish up again; renovate." Webster's New World Dictionary, Second College Edition, 1979, page 1194.
"[E]rection of a library" is another enumerated permitted purpose for the fund. In State ex rel. Wahl v. Speer,223 S.W. 655 (Mo. banc 1920), the Missouri Supreme Court considered the permitted expenditures under the phrase "for the erection of a courthouse or jail." The court concluded that the authority to erect a public building impliedly embraced the authority to buy a site for it for the plain reason that without a site, the building cannot be erected. Similarly, we conclude the authority to use the fund for the erection of a library includes the authority to use the fund for the acquisition of the site for the library.
The guidance set forth in the opinions and cases discussed above resolves several of the items listed in your questions: "Building repairs" (item f of your listed subparagraphs) would be for the purpose of keeping the building in a state of good repair. Such repairs might be deemed "normal maintenance" or might be deemed "remodeling or refurnishing" depending on the circumstances. Regardless, building repairs is a permitted expenditure from the fund.
Similarly, "heating and air conditioning improvement and replacement" (item g), depending on the specific circumstances, might be deemed "normal maintenance" or might be deemed "remodeling or refurnishing." Regardless, heating and air conditioning improvement and replacement is a permitted expenditure from the fund.
Another item about which you inquire is "building security and equipment" (item j). You have provided no detailed information regarding the type of expenditures which you are describing as building security and equipment. Another of your subparagraphs relates to the salaries for security staff so we presume this item refers to security equipment associated with the building such as security cameras, alarm systems, etc. Such security equipment would be designated to safeguard the building and, therefore, is a permitted expenditure from the fund.
A related item about which you inquire is "salaries for maintenance, security, and technical support staff" (item n). You have provided no description of the duties of "technical support staff" so it is not feasible for us to address such expenditure. However, salaries for maintenance and security staff were considered in Opinion No. 181-91. In that opinion we concluded that "janitorial personnel is an essential element of keeping a facility in a state of good repair" (page 3 of the opinion). We further stated that to "the extent that security personnel is used to safeguard the facility and equipment, this would also be an element of maintenance" (page 3). Therefore, we conclude that salaries for maintenance and security staff are a permitted expenditure from the fund.
"Real property purchases" (item l) is another item about which you inquire. Section 182.260 lists as one of the enumerated permitted purposes for the fund the "erection of a library." Following the reasoning in State ex rel. Wahl v. Speer, supra, the authority to use the fund for the erection of a library includes the authority to use the fund for the acquisition of a site for a library. Therefore, the purchase of real property for a site for a library is a permitted expenditure from the fund.
Related to the above item is the item you describe as "feasibility studies for real property proposed for purchase" (item m). We assume you are referring to real property proposed for purchase as a site for a library. In Reilly v. Sugar CreekTp. of Harrison County, 139 S.W.2d 525 (Mo. 1940), the Missouri Supreme Court considered the permitted expenditures from the proceeds of a bond issue which was voted "to construct and gravel or rock" a specified road. The court stated:
 A grant of authority to a township to issue bonds for the purpose of raising funds to pay for the construction of roads, necessarily carries with it the authority to pay for rights-of-way upon which to build the roads. If such were not the case the authority to construct roads would be an empty and useless power.
Id. at 526. See also State ex rel. Wahl v. Speer, supra. Feasibility studies for real property proposed for purchase as a library site would be incidental to a real property purchase. Therefore, we conclude that such expenditure is permitted from the fund.
Another of the items about which you inquire is "upkeep and improvement of grounds and parking areas" (item h). In State exrel. Wahl v. Speer, supra, the court concluded that the erection of a public building included the acquisition of the site. InCole County v. Board of Trustees of Jefferson City Free LibraryDistrict, 545 S.W.2d 422, 427 (Mo.App. 1976), the court stated: "It seems reasonable to conclude that in the present day when the automobile is the dominant mode of transportation, the power to create and maintain a public library building and grounds includes the power to build and maintain a parking lot." Following the reasoning in these decisions, we conclude that expenditures for the upkeep and improvement of grounds and parking areas are permitted expenditures from the fund.
You list in your questions as item i "legal and accounting fees for services provided which relate to building fund." You have not provided us any specific information regarding the services provided for which the expenditure is to be made. The fund is expressly limited to expenditures "for erection of a library or for the normal maintenance, remodeling or refurnishing of any existing library." Enclosed herein is a copy of two relevant prior Missouri Attorney General opinions: Opinion No. 70-90 and Opinion No. 34-90. In Opinion No. 70-90 this office considered whether a county could impose an administrative service fee on a special trust fund in which the proceeds from a capital improvements sales tax are deposited. This office stated:
 When the legislature intends to allow a governmental entity to be paid a sum for administrative work relating to the handling of tax revenues, it has done so explicitly. . . . In the absence of any statute authorizing the county to impose an administrative service fee on the special trust fund in which the proceeds from the capital improvements sales tax are deposited, we conclude the county may not impose such an administrative service fee.
Opinion No. 70-90 at page 4. In Opinion No. 34-90, using similar reasoning, this office stated that a city could not impose on a park fund all administrative service fee for processing checks and providing accounting services. Likewise, it would not be permissible for general legal and accounting fees incurred by the library to be allocated to the fund whose purposes are limited by Section 182.260. For example, it would not be permissible to allocate a portion of the cost of an annual audit of the library to the fund. There may be certain expenditures, such as legal services relating to the purchase of real estate for a library site, which may be properly paid from the fund. However, because we have not been provided specific information regarding the legal and accounting fees which are the subject of your questions, it is not feasible for us to opine with regard to a specific expenditure.
You inquire if "travel by staff or board for any purpose" (item k) is a permitted expenditure from the fund. Section182.260 limits expenditures from the fund to the purposes previously discussed. If your questions relates to travel such as to conventions for officials of libraries, such travel expenditures are not permissible expenditures from the fund. Because we have not been provided with specific information regarding the travel expenditures which are the subject of your questions, it is not feasible for us to opine with regard to a specific expenditure for travel.
Three of the items listed in your questions are so similar that we will consider the items together:
1) Furniture, such as tables and chairs (item a),
2) Office equipment such as file cabinets (item b), and
3) Items used to store and display items in the library, such as display racks, bookshelves, and book carts (item c).
Section 182.143, RSMo 1994, contains references to the fund created under Section 182.260. Section 182.143 refers to the fund as the building maintenance and refurnishing fund. Such reference to the fund as including "refurnishing" appears more than once in Section 182.143. Section 182.143 was initially enacted in 1985 (Laws of Missouri, 1985, page 500, 510). The enactment of Section182.143 was after the amendment to Section 182.260 in 1982 where the words "remodeling" and "refurnishing" were added to Section182.260. (Laws of Missouri, 1982, page 370, 371.) It is apparent that in 1985 at the-time-of the enactment of Section 182.143, the General Assembly considered "refurnishing" as a permitted use of the fund created by Section 182.260. Subsequent statutes may be considered in construing previously enacted statutes. MissouriHospital Association v. Air Conservation Commission, 874 S.W.2d 380,398 (Mo.App. 1994). It is appropriate to consider acts passed at subsequent legislative sessions to ascertain legislative policy and intent. Missouri Division of EmploymentSecurity v. Labor and Industrial Relations Commission ofMissouri, 637 S.W.2d 315, 318 (Mo.App. 1982). Therefore, expenditures for "refurnishing" are permitted expenditures from the fund. "Refurnish" is defined as "to furnish anew." Webster's Third New International Dictionary, 1961, page 1910. "Furnish" is defined as "to supply (as a room or building) with furniture or appliances; equip for use." Id. at page 923. Included as permitted expenditures for refurnishing would be 1) furniture such as tables and chairs, 2) office equipment such as file cabinets, and 3) items used to store and display items in the library such as display racks and bookshelves. (We are unclear what type of "book carts" your questions refer to and do not address "book carts." Hopefully, the discussion above will resolve the questions you pose regarding "book carts.")
You inquire whether "audio-visual equipment for use in the library, such as projection system and slide projector" (item d) is a permitted expenditure from the fund. A projection system and slide projector for use in the library is part of the furnishings of the library and, therefore, we conclude is a permitted expenditure from the fund.
The final item for consideration is "computer equipment, including hardware, software, installation, and servicing" (item e). Without more information, it is not feasible for us to address this item. There is some computer equipment which is clearly a permitted expenditure from the fund. For example, a computer system designed to control the temperature in the library building is to keep the building in a state of good repair and is a permitted expenditure from the fund. Likewise, a computer system relating to building security is a permitted expenditure from the fund, because it is designed to keep the building in a state of good repair. Without more specific information regarding the computer equipment about which you are concerned, it is not feasible for us to opine on this item.
In the discussion above, we have considered what are permitted expenditures from the fund. One aspect of your questions is whether such expenditures must be made from this fund. While expenditures from the fund are limited to the purposes discussed above, there is no prohibition on such expenditures being paid from other funds that may be available to make such payments. While the fund is restricted to the payment of the specified expenditures, there is no indication in Section182.260 that such expenditures may not be paid from other sources. This restricted fund is analogous to restricted funds of other political subdivisions where the restricted fund can only be used for specified purposes. See Opinion No. 34-90 at page 2 ("It is well settled that money gathered for a specific purpose cannot be legally used for another purpose. Stephens v. BraggCity, 27 S.W.2d 1063 (Spr. Ct. App. 1930)."). However, expenditures for those purposes can be paid from nonrestricted funds. See Automobile Club of Missouri v. City of St. Louis,334 S.W.2d 355, 363-364 (Mo. 1960) ("In the absence of such money being earmarked or limited in its use by some constitutional or statutory provision it may be treated by the city as general revenue and subjected to any proper municipal use.").
CONCLUSION
It is the opinion of this office that among the permitted expenditures from the fund created by Section 182.260, RSMo 1994, are: 1) building repairs, 2) heating and air conditioning improvement and replacement, 3) equipment for building security, 4) salaries for maintenance and security staff, 5) the purchase of real estate to be used for a library, 6) feasibility studies for property proposed to be purchased for a library, 7) upkeep and improvement of grounds and parking areas at the library site, 8) furniture such as tables and chairs, 9) office equipment such as file cabinets, 10) display racks and bookshelves, and 11) a projection system and slide projector for use in the library.
Very truly yours
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosures